IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, </br></br>　　　　Plaintiff, </br></br> vs. </br></br> SHAYEN A. GEORGE, M.A., </br></br>　　　　Defendant. | Civil Action No. 00-CV-2466 </br></br> Magistrate Judge Amy R. Hay |

**BRIEF IN SUPPORT OF MOTION FOR PERMISSION TO AMEND COMPLAINT**

AND NOW, comes Plaintiff, Mary L. White ("White"), by and through the undersigned attorneys, and files the following Brief in Support of Motion for Permission to Amend Complaint:

I. **BACKGROUND**

On or about December 19, 2000, White filed a Complaint setting forth allegations regarding a secret ACG bank account opened by Shayen A. George ("George"). *Complaint*, ¶¶ 86-91.

On or about March 15, 2005, White learned for the first time that at the same time that George opened the secret ACG account referenced in Paragraphs 86-91 of the Complaint, that George also opened a second secret account in the name of ACCG.

White seeks to add allegations concerning this second secret (ACCG) account to the Complaint. A copy of the proposed Amended Complaint is attached hereto as *Exhibit 1*.

II. **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading only by leave of court or by written consent of the adverse party; and "leave shall be freely given when justice so requires."

The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. *Rolo v. City Investing Co. Liquidated Trust*, 155 F.3d 644, 654 (3d Cir. 1998).

Although decisions on motions to amend are committed to the sound discretion of the district court, *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990), courts liberally allow amendments when "justice so requires," and when the non-moving party is not prejudiced by the allowance of the amendment. *Tai Kwan Cureton v. NCAA*, 252 F.3d 267 (3d Cir. 2001)(*quoting, Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)

In *Forman*, the United States Supreme Court discussed the liberal standard to amend a complaint under Rule 15(a), and found that "in the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment ..., the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).

In the present case, there can be no prejudice to Defendant. This case is currently on appeal to the Third Circuit. In addition, discovery is ongoing pending final decision by the Third Circuit. Neither Party has been deposed pending a resolution of the appeal.

III. **CONCLUSION**

For the reasons set forth herein, this Court should grant the Motion to Amend and permit the filing of the Amended Complaint attached hereto as *Exhibit 1*.

FELDSTEIN, GRINBERG, STEIN & McKEE

By: _____
Stanley M. Stein, Esquire
PA ID. #: 10577
Beth S. Mills, Esquire
PA ID #: 61191

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the attached **Brief in Support of Motion for Permissions to Amend Complaint** was served on September 1, 2005, via first class United States mail, postage prepaid, upon the following:

John P. Corcoran, Jr., Esquire
JONES, GREGG, CREEHAN & GERACE, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905


Steven M. Petrikis, Esquire
Metz Lewis, LLC
11 Stanwix St., 18th Floor
Pittsburgh, PA 15222


FELDSTEIN, GRINBERG, STEIN & McKEE

By: _____
Stanley M. Stein, Esquire
PA ID. #: 10577
Beth S. Mills, Esquire
PA ID #: 61191

00341777.1