## Issued by the
## UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE
V.
SHAYEN A. GEORGE, M.A.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 00-2466

TO: Associates In Counseling And
Child Guidance, Inc.
272 East Connelly Blvd., Sharon, PA 16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attached Exhibit "A")

**EXHIBIT 1**

| PLACE | DATE AND TIME |
|---|---|
| 272 East Connelly Blvd., Sharon, PA  16146 | September 5, 2001 2:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] David S. Bloom      Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA  15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 272 East Connelly Boulevard<br>Sharon, PA 16146 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Associates In Counseling And Child Guidance, Inc. | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 22, 2001
DATE

SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA 15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | CIVIL |
| Plaintiff, | CHIEF JUDGE ZIEGLER |
| | MAGISTRATE JUDGE MITCHELL |
| vs. | |
| | Civil Action No. 00-2466 |
| SHAYEN A. GEORGE, M.A., | |
| | JURY TRIAL DEMANDED |
| Defendant. | |

### EXHIBIT "A" TO SUBPOENA

To:   Associates in Counseling and Child Guidance, Inc.
272 East Connelly Blvd.
Sharon, PA   16148

### DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2. All financial documentation of Associates in Counseling and Child Guidance, Inc.

3. All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4. All financial documentation of Associates in Child Guidance, Inc.

5. All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc., and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc.