IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                          :    CHIEF JUDGE ZIEGLER
                                        :    MAGISTRATE JUDGE
                                        :    MITCHELL
              Plaintiff,                :
                                        :
     vs.                                :    CIVIL ACTION NO:
                                        :    NO: 00-2466
SHAYEN A. GEORGE, M.A.,                 :
                                        :
              Defendant.                :

## MOTION FOR ORDER QUASHING SUBPOENAS FOR DEPOSITION AND PRODUCTION OF DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Associates In Counseling and Child Guidance, Inc., by and through its undersigned counsel, Jones, Gregg, Creehan & Gerace LLP. hereby respectfully move this Honorable Court to enter an order quashing the Subpoenas served upon Associates in Counseling and Child Guidance, Inc.; Richard J. Gold, Esquire; McGill, Power, Bell & Associates, LLP; and Black, Bashor & Porsch, LLP by the Plaintiff Mary L. White, and in support thereof states as follows[1]:

     1.    The Plaintiff Mary L. White ("White") served Subpoenas upon the following non-parties pursuant to Federal Rule of Civil Procedure 45:

          a)    Associates in Counseling and Child
                Guidance, Inc. (Subpoena attached hereto
                as Exhibit "A");

          b)    Richard J. Gold, Esquire (Subpoena
                attached hereto as Exhibit "B");

---

[1]ACCG hereby incorporates its Motion for Protective Order and Brief in Support of Motion to Quash as if fully set forth at length.

1

EXHIBIT

2

c)    McGill, Power, Bell & Associates, LLP (Subpoena attached hereto as Exhibit "C"); and

d)    Black, Bashor & Porsch, LLP (Subpoena attached hereto as Exhibit "D").

2.    Richard J. Gold, Esquire ("Attorney Gold") has acted as an attorney for ACCG in clinic related licensing matters and as corporate counsel for Associates in Child Guidance Inc.

3.    McGill, Power, Bell and Associates LLP and Black, Bashor & Porsch, LLP (collectively referred to as "Accounting Firms") have provided accounting services to ACCG and ACG.    The Accounting Firms have also been retained by counsel for ACCG to provide expert witness testimony and opinions in anticipation of litigation in the four (4) cases currently pending before the Mercer County Court of Common Pleas, wherein White, George and ACCG are parties.

4.    The document requests attached to the Subpoenas directed to the Accounting Firms request the following documents be produced relative to ACCG:

(1)    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

(2)    All financial documentation of Associates in Counseling and Child Guidance, Inc.

5.    Similarly, in the Subpoenas issued to Attorney Gold and ACCG, contain the following over-broad discovery requests:

(1)    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

(2)  All financial documentation of Associates in Counseling and Child Guidance, Inc.

(3)  All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance Inc. and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc.

6.   The remaining two requests propounded in the ACCG and Attorney Gold Subpoenas requested ACG documents. (Request Nos. 3 and 4).

7.   Neither Attorney Gold, ACCG, nor the Accounting Firms are parties to this action.

8.   White has formed and currently operates a mental health agency known as the Family Counseling and Children's Services (hereinafter "FCCS"). A copy of the articles of incorporation for FCCS are attached hereto as Exhibit "E."

9.   FCCS directly competes with ACCG in the marketplace.

10.  The production of documents in which White is requesting requires the disclosure of confidential commercial information and privileged or otherwise protected matter(s).

11.  White attempted to obtain confidential corporate and financial records of ACCG in the various State Court actions, in Mercer County, wherein ACCG and White are parties.  The Mercer County Court refused to allow the disclosure of the corporate financial information, because such information was deemed confidential.  Thus, White is attempting to circumvent the State

3

Court action and obtain confidential information in the Federal Court.

13.  White's only purpose for seeking ACCG financial records is to use those records to benefit White's competing agency, FCCS. Indeed, the entire purpose for filing the federal lawsuit and seeking discovery of ACCG financial documents is to obtain this ACCG financial information to benefit FCCS in the marketplace.

14.  The documents sought are not reasonably calculated to lead to admissible evidence in this litigation.  To the contrary, the financial records are being sought by White only to utilize such financial and patient information for the purposes of competing with ACCG.

15.  The Court of Common Pleas of Mercer County has precluded White from obtaining this confidential commercial information, including financial information, because of White's competing enterprise.

16.  The document requests are not limited in time and seek every financial record ever produced by ACCG, which includes thousands of documents.  Therefore, the document requests are overbroad on their face and should be stricken.

17.  The records requested seek privileged attorney work-product materials, attorney/client protected materials, accountant/client privilege materials and materials prepared in anticipation of litigation in other the various lawsuits between ACCG and White currently before the Court of Common Pleas of Mercer County.

18. The records sought by the Subpoenas are wholly irrelevant to the issues in this action, in that ACCG financial information and financial records are not at issue in the instant case. To the contrary, this is a breach of contract action between White and George.

19. ACCG is a non-profit mental health clinic, and is not a party to this action.

20. In the *ad damnum* clauses of her Complaint, White claims that she is entitled to lost compensation from ACG and ACCG; and loss of the value of her investment in ACG and ACCG. (Fed. Compl. at ¶139(b)(d).)

21. White was terminated by the ACCG Board of Directors. Thus, lost compensation claims cannot be asserted in the instant litigation. In any event, the compensation which White earned as of the date of her termination is known to her and does not require discovery of ACCG financial information.

22. ACCG is a non-profit Corporation, which has no investors and no owners as a matter of law. Therefore, White could not invest in ACCG and financial records are thereby irrelevant to her claim.

23. As a non-profit mental health clinic, ACCG's financial records have absolutely no relevance to the litigation between White and George.

24. The Subpoenas require disclosure of trade secrets and confidential commercial information which is irrelevant to the litigation.

25.  The documents sought by the Subpoenas are records of ACCG which include trade secrets and confidential commercial and client information of ACCG.  Thus, under no circumstances should Attorney Gold or the Accounting Firms disclose this information to competitors and to the public.

26.  This Motion to Quash and the Motion for Protective Order, which is filed contemporaneously herewith, constitutes objections to the Subpoenas issued pursuant to Federal Rules of Civil Procedure 45 (c)(2)(B).

WHEREFORE, Associates in Counseling and Child Guidance, Inc. hereby respectfully requests that the Subpoenas directed to Associates in Counseling and Child Guidance, Inc.; Richard J. Gold, Esquire; McGill, Power, Bell & Associates, LLP and Black, Bashor & Porsch, LLP be Quashed, and a Protective Order be entered preventing any discovery of ACCG financial records and information.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY:  _____
     RICHARD B. SANDOW
     PA ID #30914

     DAVID M. HUNTLEY
     PA ID #59960

     JOHN P. CORCORAN, JR., ESQUIRE
     PA ID # 74906

     JONES, GREGG, CREEHAN & GERACE, LLP
     FIRM #140
     411 SEVENTH AVENUE, SUITE 1200
     PITTSBURGH, PA  15219-1905
     (412) 261-6400

     COUNSEL FOR ASSOCIATES IN
     COUNSELING AND CHILD GUIDANCE, INC.

### Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ——————— DISTRICT OF PENNSYLVANIA

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 00-2466

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: Associates In Counseling And
Child Guidance, Inc.
272 East Connelly Blvd., Sharon, PA 16146

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### (See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 272 East Connelly Blvd., Sharon, PA 16146 | September 5, 2001 2:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David S. Bloom*   Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

**A**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 272 East Connelly Boulevard<br>Sharon, PA  16146 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Associates In Counseling And<br>Child Guidance, Inc. | United States Mail, Restricted Delivery,<br>Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on **August 22, 2001**
                  DATE

SIGNATURE OF SERVER

**428 Boulevard of the Allies**
ADDRESS OF SERVER

**Pittsburgh, PA  15219**

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

        Plaintiff,

   vs.

SHAYEN A. GEORGE, M.A.,

        Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:    Associates in Counseling and Child Guidance, Inc.
272 East Connelly Blvd.
Sharon, PA   16148**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2.    All financial documentation of Associates in Counseling and Child Guidance, Inc.

3.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4.    All financial documentation of Associates in Child Guidance, Inc.

5.    All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc., and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN ———————— DISTRICT OF ——— PENNSYLVANIA ————

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 00-2466
(Western District of Pennsylvania)
This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: Richard J. Gold, Esquire
1608 Walnut Street
Philadelphia, PA  19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 1608 Walnut Street, Philadelphia, PA  19103 | September 6, 2001 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| *David S Bloom*     Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA  15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

**B**

tabbies

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 1608 Walnut Street<br>Philadelphia, PA 19103 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Richard J. Gold, Esq. | United States Mail; Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __August 22, 2001__
DATE

_David S Bloom_
SIGNATURE OF SERVER

__428 Boulevard of the Allies__
ADDRESS OF SERVER

__Pittsburgh, PA 15219__

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

        Plaintiff,

    vs.

SHAYEN A. GEORGE, M.A.,

        Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No. 00-2466
(IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA)

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

To:    **Richard J. Gold, Esquire**
        **1608 Walnut Street**
        **Philadelphia, PA 19103**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld

computers), network or computer servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2.    All financial documentation of Associates in Counseling and Child Guidance, Inc.

3.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4.    All financial documentation of Associates in Child Guidance, Inc.

5.    All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc., and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc. held between Attorney Gold, Mary L. White and Shayen A. George, M.A.

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   00-2466

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: McGill, Power, Bell & Associates,LLP
    3110 Highland Road
    Hermitage, PA  16148

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 3110 Highland Road, Hermitage, PA  16148 | September 5, 2001 12:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _David S. Bloom_   Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA  15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]  If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
C

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 3110 Highland Road, Hermitage, PA 16148 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| McGill, Power, Bell & Associates, LLP | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___August 22, 2001___
DATE

SIGNATURE OF SERVER

___428 Boulevard of the Allies___
ADDRESS OF SERVER

___Pittsburgh, PA 15219___

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

          Plaintiff,

    vs.

SHAYEN A. GEORGE, M.A.,

          Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:**    **McGill, Power, Bell & Associates, LLP**
        **3110 Highland Road**
        **Hermitage, Pennsylvania 16148**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2. All financial documentation of Associates in Counseling and Child Guidance, Inc.

3. All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4. All financial documentation of Associates in Child Guidance, Inc.

### Issued by the
## UNITED STATES DISTRICT COURT

WESTERN ———————————— **DISTRICT OF** ———— PENNSYLVANIA

MARY L. WHITE        **SUBPOENA IN A CIVIL CASE**

**V.**

SHAYEN A. GEORGE, M.A.     CASE NUMBER: [1] 00-2466

TO: Black, Bashor & Porsch, LLP
      270 East Connelly Boulevard
      Sharon, PA 16146-1852

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      (See Attached Exhibit "A")

| PLACE 270 East Connelly Blvd., Sharon, PA 16146-1852 | DATE AND TIME September 5, 2001 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David S. Bloom*     Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
D

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 270 East Connelly Boulevard Sharon, PA 16146-1852 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Black, Bashor & Porsch, LLP | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 22, 2001

DATE

_David S Bloom_

SIGNATURE OF SERVER

428 Boulevard of the Allies

ADDRESS OF SERVER

Pittsburgh, PA  15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

                Plaintiff,

    vs.

SHAYEN A. GEORGE, M.A.,

            Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No. 00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:**    **Black, Bashor & Porsch, LLP
270 East Connelly Blvd.
Sharon, PA 16146-1852**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2.    All financial documentation of Associates in Counseling and Child Guidance, Inc.