Received:     9/28/00  4:51PM;           717 232 6248 -> JONES,GREGG;  Page 2
Case 2:00-cv-02466-ARH    Document 185-5    Filed 10/27/2005    Page 1 of 25
Sep-28-00 16:38  Anthony DiSanto          717-232-6248              P.02

Print Key Output                                    Page    1
5769SS1 V4R4M0 990521              DOS400        09/28/00  15:02:22

Display Device  . . . . . :  CORP1TR03
User  . . . . . . . . . :  DOSIC03

COR809            DISPLAY BASIC ENTITY INFORMATION      9/28/00  15:02:21
                  INCORPORATED BUSINESS

      ENTITY#: 2960074        TYPE: AIB   BKDOWN TYPE: B         CONSENT: N
        FILED:  8 29 2000   SPECIFIED EFF:

  CURRENT: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.

  ORIGINAL: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.

  ADDRESS: 76 JEFFERSON AVE STE C

    CITY: SHARON                STATE: PA   ZIP: 16146
        COUNTY: 43    CNTRY/JURIS: PA

  PURP/DESC/CMNT: BROAD

  LTD AUTH: N                        LTD/INC TERM: PERP

                                                ADNL PRTNR:


    F3=EXIT      F12=RETURN     ENTER=MORE...



EXHIBIT
E

```
                    Print Key Output                          Page    1
  5769SS1 V4R4M0 990521            DOS400          09/28/00  15:02:24

    Display Device . . . . . :  CORP1TR03
    User . . . . . . . . . :  DOSIC03

 COR811              DISPLAY CORPORATE OFFICERS        9/28/00  15:02:23

ENTITY#: 2960074               REPORT FILED AS OF:  8 29 2000

    NAME: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.

 CHIEF EXECUTIVE OFFICER: MARY L WHITE

          VICE PRESIDENT:

             SECRETARY:

             TREASURER:

       MAILING ADDRESS: 76 JEFFERSON AVE STE C

                   SHARON            PA  16146


   F3=EXIT     F12=RETURN      f17=ADDRESS WINDOW    ENTER=MORE...
```

```
                    Print Key Output                          Page   1
    5769SS1 V4R4M0 990521              DOS400         09/28/00  15:02:26


    Display Device  . . . . . :  CORP1TR03
    User  . . . . . . . . . . :  DOSIC03


 COR812              DISPLAY INSTRUMENT HISTORY        9/28/00  15:02:25
 ENTITY#: 2960074
    NAME: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.
 TYP    ROLL   START-END    COMMENTS                             DATE
 AIB  2000066   851  852                                     8 29 2000
```

```
END OF INSTRUMENT HISTORY LIST REACHED
F3=EXIT                    F12=RETURN   ENTER=MORE   PAGE DOWN=PRIOR PAGE UP=NEXT
```

Aug-28-00 28:47 From T-418 P 03/12 F-045

Microfilm Number _____ . 200066 · 851 Filed with the Department of State on AUG 29 2000

Entity Number _____

_Kim Fizzijella_

Secretary of the Commonwealth

## ARTICLES OF INCORPORATION-FOR PROFIT
### OF

__FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.__
**Name of Corporation**
### A TYPE OF CORPORATION INDICATED BELOW

Indicate type of domestic corporation:

X Business-stock (15 Pa.C.S 1306) ___ Management (15 Pa.C.S. 2702)

___ Business-nonstock (15 Pa C.S. 2102) ___ Professional (15 Pa.C.S. 2903)

___ Business-statutory close (15 Pa.C S. 2303) ___ Insurance (15 Pa.C.S. 3101)

___ Cooperative (15 Pa.C.S. 7102)

DSCB:15-1306/2102/2303/2702/2903/3101/7102A (Rev 91)

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. (relating to corporations and unincorporated associations) the undersigned, desiring to incorporate a corporation for profit, hereby, state(s) that:

1. The name of the corporation is: __FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.__

2. The (a) address of this corporation's initial registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is:

(a) __76 JEFFERSON AVENUE, SUITE C__ __SHARON__ __PA__ __14146__ __MERCER__
Number and Street / City / State / Zip / County

(b) c/o. _____ County
Name of Commercial Registered Office Provider

For a corporation represented by a commercial registered office provider, the county in (b) shall be deemed the county in which the corporation is located for venue and official publication purposes.

3. The corporation is incorporated under the provisions of the Business Corporation Law of 1988.

4. The aggregate number of shares authorized is: __10,000__ (other provisions if any, attach 8 1/2 x 11 sheet)

The name and address, including number and street if any, of each incorporator is:

Name / Address

__DANIEL J. MCNULTY, ESQUIRE__ __FELDSTEIN GRINBERG STEIN & MCKEE__

_____ __426 BOULEVARD OF THE ALLIES, PITTSBURGH, PA 15219__

DSC 8.15-1.306/2102/2303/2702/2902000/007/7052A (Rev 91)-2

6. The specified effective date if any, is: __**UPON FILING**__
month     day     year     hour, if any

7 Additional provisions of the articles, if any, attach an 8 1/2 x 11 sheet.

8 Statutory close corporation only: Neither the corporation nor any shareholder shall make an offering of any of its shares of any class that would constitute a "public offering" within the meaning of the Securities Act of 1933 (15 U.S.C. 77a et seq.).

9. Cooperative corporations only: (Complete and strike out inapplicable term) The common bond of membership among its members/shareholders is: _____

IN TESTIMONY WHEREOF, the incorporator(s) has (have) signed these Articles of Incorporation this **29th** day of **August**, 20**00**

(Signature) **DANIEL J. MCNULTY, ESQUIRE**

(Signature)

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I HEREBY CERTIFY that Brian Must, Esquire, Co-Counsel for Shayen A. George, M.A., contacted Attorney Stanley Stein on August 30, 2001 concerning withdrawal of the Subpoenas directed to third parties. Attorney Stein would not withdraw the Subpoenas. Accordingly, counsel for Associates in Counseling and Child Guidance, Inc. notified Attorney Stein's Office that a Motion to Quash and Motion for Protective Order would be filed prior to the commencement of the depositions in accordance with the Federal Rules of Civil Procedure.

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____

JOHN P. CORCORAN, JR., ESQUIRE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within MOTION FOR ORDER QUASHING SUBPOENAS FOR DEPOSITION AND PRODUCTION OF DOCUMENTS was served upon the following parties, on the 4th day of September, 2001, by First Class Mail, Postage Prepaid:

STANLEY M. STEIN, ESQUIRE
FELDSTEIN GRINBERG STEIN & MCKEE
428 BOULEVARD OF THE ALLIES
PITTSBURGH, PA  15219
(COUNSEL FOR PLAINTIFF)

BRIAN T. MUST, ESQUIRE
METZ SCHERMER & LEWIS, LLC
11 STANWIX STREET
PITTSBURGH, PA  15222


JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                          :    CHIEF JUDGE ZIEGLER
                                        :    MAGISTRATE JUDGE
                                        :    MITCHELL
        PLAINTIFF,                      :
                                        :
VS.                                     :    CIVIL ACTION NO:
                                        :    NO: 00-2466
SHAYEN A. GEORGE, M.A.,                 :
                                        :
        DEFENDANT.                      :

### ORDER OF COURT

AND NOW, this ____ day of _____, 2001, upon consideration
of the Motion for Order quashing Subpoenas for Depositions and
Production of Documents filed by Associates in Counseling and
Child Guidance, Inc., and argument thereon, it is hereby ORDERED,
ADJUDGED AND DECREED that the Motion to Quash is GRANTED.  The
Subpoenas and document requests directed to Richard J. Gold,
Esquire; Associates in Counseling and Child Guidance, Inc.;
Black, Bashor and Porsch, LLP; and McGill, Power, Bell and
Associates, LLP are hereby QUASHED WITH PREJUDICE.

BY THE COURT:


_____J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                    :    CHIEF JUDGE ZIEGLER
                                  :    MAGISTRATE JUDGE MITCHELL
        Plaintiff,                :
                                  :
vs.                               :    CIVIL ACTION
                                  :    NO: 00-2466
SHAYEN A. GEORGE, M.A.,           :
                                  :
        Defendant.                :

**BRIEF IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENAS FOR
DEPOSITIONS AND REQUEST FOR PRODUCTION**

AND NOW, comes Associates in Counseling and Child Guidance ("ACCG") by and through its undersigned counsel, RICHARD B. SANDOW, ESQUIRE and JONES, GREGG, CREEHAN & GERACE, LLP, and respectfully files the following Brief in Support of Motion for Order Quashing Subpoenas for Depositions and Request for Production of Documents.

## I.    INTRODUCTION

The Plaintiff hereby incorporates the Motion for Protective Order and Brief in Support of Motion for Protective Order. To the extent that a brief rendition of key facts relevant to the Magistrate Judge's determination will be of assistance to the Court, those facts are set forth herein.

The Plaintiff Mary L. White ("White") served subpoenas upon ACCG, Richard J. Gold, Esquire ("Attorney Gold"); McGill, Power, Bell & Associates, LLP,  and Black, Bashor & Porsch, LLP. ("Accounting Firms"). Attorney Gold has acted as attorney for ACCG in clinic related licensing matters and has provide legal advise to ACCG and Shayen George. The Accounting Firms have

provided accounting services to ACCG and ACG.  In addition, the Accounting Firms have also been retained by counsel for ACCG to provide expert witness testimony and opinions in anticipation of litigation in the  Four (4) cases currently pending  before the Mercer County Court of Common Pleas, wherein White, George and ACCG are parties.

Attached  to  the  subpoenas  are  outrageously  overbroad document requests which seek:

> (1)  All  documentation  produced,  utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

> (2)  All  financial  documentation  of Associates  in  Counseling  and  Child Guidance, Inc.

Of  critical  significance,  White  has  formed  and  currently operates a mental health agency known as the Family Counseling and Children's Services (hereinafter "FCCS").  FCCS directly competes with ACCG in the marketplace.  Thus, the documents which White  is  requesting  require  the  disclosure  of  confidential commercial  information  and  the  disclosure  of  privileged  and protected  matter,  which  White  and  FCCS  will  use  in  the marketplace to compete with ACCG.  In fact, White has attempted in the Court of Common Pleas of Mercer County to obtain these financial  records,  which  has  been  denied  by  the  Common  Pleas Court based on confidentiality and privilege.  Thus, the only purpose  for  seeking  ACCG  financial  records  is  to  utilize  the federal discovery procedure to obtain records which will be used to benefit White's competing agency, FCCS.

It is evident that the ACCG financial documents are to be used to compete against ACCG, because such documents are not reasonably calculated to lead to admissible evidence in this litigation. The entire graveman of White's complaint is a breach of oral contract between her and George. ACCG is not party. In fact, ACCG is a non-profit organization and its financial records can not have any relevance to the present litigation. Thus, the only purpose for the subpoenas and the document requests is to obtain sensitive financial and commercial information for use in the marketplace by FCCS.

**A.   Standard Of Review**

Review of Federal Rule of Civil Procedure 45(c)(3)(A)(B) in pertinent part indicates that:

> (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> &#42;&#42;&#42;
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv)  subjects a person to undue burden, or
>
> (B)    If a subpoena
>
> (i)   requires disclosure of a trade secret or other confidential research, development or commercial information.

Fed.R.Civ.P. 45.

Under Fed.R.Civ.P. 45(c)(3)(A), a court must quash or modify a subpoena if it requires disclosure of privileged information or

subjects a person to undue burden. Kisser v. Coalition for Religious Freedom, No. 95-MC-0174, 1995 WL 422786 (E.D. Pa. 1995). However, absent some showing of personal right or privilege with respect to the subject matter requested in the Subpoena, only the non-parties whom were served with the subpoenas may move to have them quashed under Rule 45 (c)(3)(A). Smith v. Midland Brake, Inc. 162 F.R.D. 683, 685 (D. Kan. 1995); United States v. Urban Health Network, Inc., Civ. No. 91-5976, 1992 WL 164950, n.1 (E.D. Pa 1992). ACCG does have a personal right and privilege in the subject matter of the Subpoenas. Accordingly, ACCG has standing to bring the within Motion to Quash.

The Courts have consistently held that information from a competitor is highly sensitive and can be utilized to harm a business operation if such information is revealed. Indeed, The Court must be especially sensitive, when a competitor is seeking financial information from a third party. Thus, when a competitor is seeking information by discovery the court must be especially careful to balance the legitimate need for information against an unfair effort to harass a competitor or obtain confidential information. When discovery by a competitor could penetrate areas of business or scientific sensitivity, and when responding to the discovery imposes burdens, it should not be sufficient simply to state that the material sought might lead to the discovery of admissible evidence. Under the Rules as amended in 1983, a party should be required to justify such discovery with a more substantial showing.

4

Courts have noted that it is substantially difficult to prevent a competitor from utilizing discovery information which is confidential in their competitive business. The United States District Court for the District of Delaware in the case of <u>Safe Flight Instrument Corporation v. Sundstrand</u>, 682 F. Supp. 20 (D. Del. 1988), where the Court held that a party was precluded from reviewing confidential materials. The court noted that accepting that [the party] is a man of great moral fiber, we nonetheless question his human ability during future years of research to separate applications he has extrapolated from [the defendants] documents from those he developed from his own ideas." Similarly, White access to confidential information will most likely result in her utilizing that information in an anti-competitive nature in the future, despite any confidentiality agreements.

The District Court of Delaware observed in <u>E.I. Du Pont de Nemours & Company v. Phillips Petroleum Company</u>, 219 U.S.P.Q. 37 (D. Del. 1982), the goals of full disclosure of relevant information and reasonable protection against economic injury "are in tension and each must be fairly balanced against the other." <u>E.I. Dupont</u>, 219 U.S.P.Q. at 38. "When the risk of harm to the owner of a trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled..." <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d. 772, 787 (3d. Cir. 1994) (quoting <u>Arthur R. Miller, Confidentiality, Protective Orders, Public Access to the Courts</u>, 105 Harv.L.Rev. 427, 432-33 (1991) This balancing test as will be

noted herein below, clearly militates in favor of not producing sensitive confidential financial and commercial information to White. While discovery is a valuable right and should not be unnecessarily restricted, the "necessary" restriction may be broader when a non-party deponent is the target of discovery. Discovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents. _Northwest Women's Center, Inc. v. McMonagle_, 1987 W.L. 6665 at * 5 (E.D. Pa. 1987). _See Shepard's Discovery Proceedings in Federal Practice_ § 6.42, at 178 (1983); _Dart Industries Co, Inc. v. Westwood Chemical Co., Inc._, 649 F.2d 646, 649 (9th Cir. 1980). Considering this case law, this Honorable Court must consider whether discovery of ACCG's financial and corporate information is relevant and if such information is relevant whether disclosure is warranted in this matter.

I.   **THE DOCUMENT REQUESTS ARE IMPERMISSIBLY OVERBROAD AND SHOULD BE STRICKEN AS MATTER OF LAW.**

White's document requests set forth in the Subpoenas are obviously overbroad on their face. For example, the request for "all financial documentation of Associates in Counseling and Child Guidance Inc." is clearly overbroad. This discovery request lacks any time constraints or any specificity as to the documents sought to be produced. Indeed, the request seeks every check, receipt, ledger and accounting document in the possession of ACCG, which is impermissibly overbroad. Thus, even a cursory examination of the discovery request reveals that White's

6

approach is patently overbroad.  _Parvensky-Barwell v. County of Chester_, 1999 WL 124413 (E.D. Pa. 1999) (Where counsel makes an obviously overbroad request for documents, it is not the responsibility of the trial judge to redefine and redraft the request).  Other district courts have noted that a subpoena which seeks discovery of virtually every document relating to a defendant which generated or maintained by a witness during the past ten years was overbroad and had to be quashed or modified.  _Concord Boat Corporation v. Brunswick Corp._, 169 F.R.D. 44 (S.D. N.Y. 1996).

Similarly, White's document requests are overbroad in at least four ways.  First, White appears to seek privileged attorney work product materials without a showing that she is in substantial need of the materials and cannot obtain the substantial equivalent without undue hardship.  Second, the request seeks information which is protected by attorney-client privilege, accountant-client privilege and documents protected by the Pennsylvania Mental Health Acts concerning restrictions on disclosure of patient documents Third, the document requests are so broad that they include witness statements and other documents prepared in anticipation of litigation.  Finally, the document requests are not limited in time or limited in scope in any fashion. _See_ _Coleman v. National Railroad_, 1994 WL 719699 (E.D. Pa. 1994).

Moreover, these broad sweeping requests for documents do not bear any relationship to the breach of contract action between George and White.  ACCG is an independent nonprofit Corporation

and is not a party to this litigation. Accordingly, "[t]o the extent [the] subpoena[s] [such as those issued by White] sweepingly pursue material of little apparent or likely relevance to that subject matter it runs the greater risk of being found overbroad and unreasonable." United States v. International Business Machines, Inc., 83 F.R.D. 97, 106-07 (S.D.N.Y. 1979). White has failed to properly articulate her document requests and how such requests relate to her action for breach of oral contract. Thus, the Subpoena should be stricken as impermissibly overbroad.

Essentially, White is engaging in a "fishing expedition" by requesting "all documents" relating to ACCG. The Third Circuit has consistently held that fishing expeditions are improper and constitute grounds for the entry of protective order and quashing the subpoena. "[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa., 103 F.3d 294, 299 (3d. Cir. 1996); see also Micro Motion, Inc. v. Kane Steel Co. Inc., 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request ....") (footnote omitted) (citations omitted); In re Fontaine, 402 F. Supp. 1219, 1221

(E.D. N.Y. 1975) ("While the standard of relevancy is a liberal one, it is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so.'") (citations omitted). *See* Amcast Indus. Corp. v. Detrex Corp. v. Detrex Corp., 138 F.R.D. 115, 121 (N.D. Ind. 1991) (denying as overbroad a discovery request seeking "'all writings relating to ... any clean-ups, "removal" actions ... "remedial action" ... remedial investigation or feasibility study' involving [Defendant], regardless of whether the circumstances surrounding such action would bear any similarity to the subject matter of this case.") (omissions in original); Zahorik v. Cornell Univ., 98 F.R.D. 27, 31 (N.D. N.Y. 1983) ("[Plaintiffs] may not, however, conduct a general 'fishing expedition' into areas unrelated to their claims ....").

In an effort to prove that something fishy was occurring, White has not only sought to engage in a fishing expedition, but sought to " drain the pond and collect the fish from the bottom." Amcast Indus., 138 F.R.D. at 121 (quoting In re: IBM Peripheral EDP Devices Antitrust Litig., 77 F.R.D. 39, 41-42 (N.D. Cal 1977). Therefore, based upon the overbroad document requests and testimony relating thereto, the Subpoenas should be quashed as unreasonable pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv).

## II. THE REQUESTS FOR FINANCIAL AND CORPORATE INFORMATION SEEK CONFIDENTIAL INFORMATION, WHICH IS PROTECTED AND IRRELEVANT TO WHITE'S CLAIMS.

The financial and corporate information requested by White is protected confidential commercial information which should not be disclosed in the instant litigation. The Subpoenas at issue clearly require the disclosure of trade secret or commercial information, which can be quashed upon timely motion. Fed.R.Civ.P. 45(c)(3)(A)(iii) and (B)(i). White has attempted to obtain his information in state court actions where White and ACCG are parties, and the Court has determined that the financial and corporate information is confidential and not subject to disclosure. White's frustration in her attempts in State Court has shifted to Federal Court to obtain this information. The courts have been reticent and has consistently refused to compel the disclosure of financial information and has limited such disclosures to proceedings in aid of execution pursuant to Federal Rule of Civil Procedure 69. In fact, "[o]rdinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence. Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc., 75 F.R.D. 3, 5 (S.D. Ohio 1977); Chenoweth v. Schaff, 98 F.R.D. 587 (W.D. Pa. 1983) (Conclusive statements of punitive damages in a complaint are insufficient to require doctors to disclose information regarding their financial condition.).

In addition to limiting disclosure of financial information, because such information is irrelevant to a party's claim, "Federal courts have generally refused to compel disclosure of income tax returns or related information from litigants who have not put their own income at issue." Demasi v. Weiss, 669 F.2d 114, 120 n.8 (3d. Cir. 1982) Tax returns should not be discoverable unless clearly required in the interests of justice. Lefkowitz v. Duquesne Light Co., 1988 WL 169273 at *2 (W.D. Pa. 1988) (Ziegler, District Judge). Cooper v. Hallgarten & Co., 34 F.R.D. 402 (S.D. N.Y. 1964). Similarly, discovery has not been allowed when the information would unnecessarily invade the private records of non- litigants. See: Reed v. Smith Barney & Co., 50 F.R.D. 128 (S.D. N.Y. 1970).

Financial information and tax returns are a very confidential subject, the discovery of which courts have been extremely cautious about invading. In fact, this Court in the matter of Moss v. Crawford & Co., 2001 WL 770787(W.D. Pa. 2001) (Caiazza Magistrate J.), denied a request for a non-parties financial records, because such disclosure "infringes upon [the non-parties] right to maintain the confidentiality of his affairs. Moss, 2001 WL at *1. Thus, Discovery has not been allowed when the information would unnecessarily invade the private records of non-litigants. See Reed v. Smith Barney & Company, 50 F.R.D. at 128. This is specifically applicable when a litigant does not make an issue of its income. Federal Savings & Loan v. Krueger, 55 F.R.D. 512, (N.D. Ill. 1972).

Additionally, White under the guise of relevancy seeks to discover any and all information concerning ACCG's finances and corporate records. The financial and corporate records of an independent non-profit corporation is not even remotely relevant to the instant case. White claims that she entered into an "oral contract" with George concerning the formation of ACG and ACCG. (Fed. Compl. at ¶27). This meritless allegation does not entitle White to probe the confidential records of ACCG, which is now a competing entity with her corporation FCCS. A competitor's attempts to obtain financial information will violate the trade secret privilege as to net profits and is usually not discoverable. Delmarva Drilling Co., Inc. v. American Water Well Systems, Inc., 1988 WL 7396 (Del. Ch. 1988); Corbett v. Free Press Assoc., Inc., 50 F.R.D. 179 (D. Vt. 1970). The requirement to provide financial information would hamper the ability of ACCG to further engage in services, and the release of information to White's and thereby at FCCS would cripple ACCG's operation. The fact that White is now a competitor of ACCG requires the court to balance the interest in favor of precluding any document production of financial, corporate and commercial information which can be used by White and FCCS in the marketplace. Accordingly, all requests for financial and corporate information of ACCG, a nonparty, should be denied and all Subpoenas requesting such information should be quashed.

**III. THE DOCUMENT REQUEST SEEKS DISCLOSURE OF PRIVILEGED INFORMATION, WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND ACCOUNTANT-CLIENT PRIVILEGE.**

The Subpoenas issued to Attorney Gold and the Accounting Firms requests "all documentation produced, utilized and/or regarding the incorporation and conducting of business of ACCG," and "all financial documentation". There are absolutely no limitations whatsoever on any of these document requests, therefore, the information requested includes information subject to the attorney-client privilege and accountant-client privilege which are properly asserted by ACCG and George individually.

In Federal Court the determination of whether a privilege applies should be reviewed on a case-by-case basis. <u>Applied Telematics, Inc. v. Sprint Communications, Co.</u>, 1996 WL 539595 * 3 (E.D. Pa. 1996). Chief Judge Ziegler in a memorandum opinion issued in the matter of <u>Lefkowitz v. Duquesne Light Co.</u>, 1988 WL 169273 at *4 (W.D. Pa. 1988) (Ziegler, District Judge) discussed the attorney-client privilege in Federal Court. "Privileges in Federal Court are 'governed by the principles of common law attorney-client privilege exception may be interpreted ... in light of reason and experience.'" <u>Lefkowitz</u>, 1998 WL 169273 at *4 *citing* <u>In the Matter of Bevill, Bresler & Schulman Asset Management Corp.</u>, 805 F.2d 120, 124 (3d. Cir. 1986). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in observance of the law and administration of justice." <u>Upjohn Co. v. United States</u>, 449

13

U.S. 383, 389 (1981).  The Third Circuit Court of Appeals has adopted the attorney-client privilege formulation offered in <u>United States v. United Shoe Machinery Corp.</u>, 89 F. Supp. 357, 358-59 (D. Mass. 1950):

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client;  (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;  (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or a tort;  and (4) the privilege had been claimed and (b) not waived by the client.

<u>In re Grand Jury Investigation</u>, 599 F.2d 1224, 1233 (3d. Cir. 1979).  <i>Also see</i>, <u>Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.</u>, 32 F.3d 851, 862 (3d. Cir. 1994).  The documents requested from Attorney Gold would be subject to attorney-client privilege, to the extent that the information was attorney-client communications.  Therefore, the document production set forth in the Subpoena should be quashed for violation of the attorney-client privilege.

Similarly, the attorney work-product doctrine would apply to the overbroad requests made by White.  The work product doctrine was summarized by the Supreme Court in <u>Hickman v. Taylor</u> as a "general policy against invading the privacy of an attorney's course of preparation." 329 U.S. 495, 512 (1947) ("[n]ot even the most liberal of discovery theories can justify unwarranted

14

inquiries into the files and the mental impressions of an attorney"). "The essential problem whenever work product is invoked is to prevent the use of the discovery machinery to hinder the orderly and proper administration of justice by impairing the effectiveness of a lawyer's preparation of his client's case and at the same time not to defeat the purposes of discovery by allowing suppression of relevant facts." E.I. Dupont v. Phillips, 24 F.R.D. 416, 420-21 (D. Del. 1959). To the extent documents requested were prepared in anticipation of State Court litigation, the Subpoenas are improper and should be quashed.

The document sought from the Accounting Firms employed by ACCG are subject to confidentiality provisions of the Pennsylvania "C.P.A. Law" 63 P.S § 9.1 et seq. Specifically, Section 9.11a[1] of the C.P.A. Law provides that any information provided by a client to a certified public accountant are privileged communications and not to be disclosed. The federal courts have adopted the accountant client privilege as a proper privilege to assert in a diversity action. Hurley v. JARC Builders, 164 F.R.D. 39 (E.D. Pa. 1995). The overbroad document request directed to the Accounting Firms requests information

---

[1]Except by permission of the client engaging him or the heirs, successors or personal representatives of a client, a licensee or a person employed by a licensee shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed unless the sharing of confidential information is within the peer review process. This provision on confidentiality shall prevent the board from receiving reports relative to and in connection with any professional services as a certified public accountant, public accountant or firm. The information derived from or as the result of such professional services shall be deemed confidential and privileged. 63 Pa. C.S.A. § 9.11a.

which is subject to the accountant-client privilege set forth in the C.P.A. Law. Accordingly, the Subpoena and document request set forth therein should be quashed.

## CONCLUSION

For the forgoing reasons, the Subpoenas directed to Attorney Richard Gold, Associates in Counseling and Child Guidance, Black, Bashor & Porsch, and McGill, Power Bell & Associates should be quashed and all document requests for ACCG confidential communications and documents contained therein denied with prejudice.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
RICHARD B. SANDOW
PA ID #30914

DAVID M. HUNTLEY
PA ID #59960

JOHN P. CORCORAN, JR., ESQUIRE
PA ID # 74906

JONES, GREGG, CREEHAN & GERACE, LLP
FIRM #140

411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA  15219-1905
(412) 261-6400

COUNSEL      FOR      ASSOCIATES      IN
COUNSELING AND CHILD GUIDANCE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS FOR DEPOSITIONS AND REQUEST FOR PRODUCTION was served upon the following parties, on this 4th day of September, 2001 by First Class Mail, Postage Prepaid:

STANLEY M. STEIN, ESQUIRE
FELDSTEIN GRINBERG STEIN & MCKEE
428 BOULEVARD OF THE ALLIES
PITTSBURGH, PA 15219
(COUNSEL FOR PLAINTIFF)


BRIAN T. MUST, ESQUIRE
METZ SCHERMER & LEWIS, LLC
11 STANWIX STREET
PITTSBURGH, PA 15222



JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE