IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | : | CHIEF JUDGE ZIEGLER |
| | : | MAGISTRATE JUDGE |
| | : | MITCHELL |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO: |
| | : | NO: 00-2466 |
| SHAYEN A. GEORGE, M.A., | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR PROTECTIVE ORDER FILED ON BEHALF OF ASSOCIATES IN COUNSELING AND CHILD GUIDANCE

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Associates In Counseling and Child Guidance, Inc., by and through their undersigned counsel, Jones, Gregg, Creehan & Gerace LLP. hereby respectfully move this Honorable Court to enter a Protective Order to prevent discovery of financial information and confidential commercial information of Associates in Counseling and Child Guidance, Inc., and in support thereof states as follows[1]:

1.    The Plaintiff Mary L. White ("White") served Subpoenas upon the following non-parties pursuant to Federal Rule of Civil Procedure 45:

a)    Associates in Counseling and Child Guidance, Inc. (Subpoena attached hereto as Exhibit "A");

b)    Richard J. Gold, Esquire (Subpoena attached hereto as Exhibit "B");

---

[1]ACCG hereby incorporates its Motion for Order Quashing Subpoenas for Deposition and Production of Documents and Brief in Support of Motion for Protective Order as if fully set forth at length.

1

EXHIBIT

3

    c)    McGill, Power, Bell & Associates, LLP (Subpoena attached hereto as Exhibit "C"); and

    d)    Black, Bashor & Porsch, LLP (Subpoena attached hereto as Exhibit "D").

2.   Richard J. Gold, Esquire ("Attorney Gold") has acted as an attorney for ACCG in clinic related licensing matters and as corporate counsel for Associates in Child Guidance Inc.

3.   McGill, Power, Bell and Associates LLP and Black, Bashor & Porsch, LLP (collectively referred to as "Accounting Firms") have provided accounting services to ACCG and ACG. The Accounting Firms have also been retained by counsel for ACCG to provide expert witness testimony and opinions in anticipation of litigation in the four (4) cases currently pending before the Mercer County Court of Common Pleas, wherein White, George and ACCG are parties.

4.   The document requests attached to the Subpoenas directed to the Accounting Firms request the following documents be produced relative to ACCG:

    (1)   All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

    (2)   All financial documentation of Associates in Counseling and Child Guidance, Inc.

5.   Similarly, the Subpoenas issued to Attorney Gold and ACCG, contain the following over-broad discovery requests:

    (1)   All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

(2)    All financial documentation of Associates in Counseling and Child Guidance, Inc.

(3)    All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance Inc. and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc.

6.    The remaining two requests propounded in the ACCG and Attorney Gold Subpoenas requested ACG documents (Request Nos. 3 and 4).

7.    Neither Attorney Gold, ACCG, nor the accounting firms are parties to this action.

8.    The document requests seek information which is privileged and/or other protected financial matter.

9.    The document request required disclosures of confidential research, development and commercial information.

10.    The Courts have the power to grant confidentiality orders over material not on file with the court that a district court retains the power to modify or lift confidentiality orders that it has entered. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 n. 19 (1984); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 784-85 (3d. Cir 1994).

11.    Similarly, Fed. R. Civ. P. 26 (c)(7) permits "a party" or "person from whom discovery is sought" to move the court for a protective order and provides that "for good cause shown," the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or

undue burden or expense including ... that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way ..." Thus, the power to grant confidentiality orders is not unlimited and such orders should not be granted arbitrarily. Lee v. A.R.T. Studio Clay Company, Inc. 2001 WL 503393 (E.D. Pa. 2001).

12. It has been held by the Third Circuit that "good cause" is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury to the party seeking disclosure. Glenmede Trust Company v. Thompson, 56 F.3d 476, 483 (3d. Cir. 1995), citing Pansy, 23 F.3d at 787-791.

13. The Third Circuit has further recognized several factors, which are neither mandatory nor exhaustive, that may be considered in evaluating whether good cause exists:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefiting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

4

Glenmede Trust Company v. Thompson, 56 F.3d 476, 483 (3d. Cir. 1995), citing Pansy, 23 F.3d at 787-791.

14. White has formed and currently operates a mental health agency known as the Family Counseling and Children's Services (hereinafter "FCCS"). A copy of the articles of incorporation are attached hereto as Exhibit "E"

15. FCCS directly competes with ACCG in the marketplace.

16. The documents which White is requesting seek confidential commercial and proprietary information of ACCG.

17. White's only purpose for seeking ACCG's financial records is to use the information contained in those records to benefit White's competing agency, FCCS. Therefore, there is no legitimate purpose for seeking discovery of ACCG financial documents.

18. White attempted to obtain confidential corporate and financial records of ACCG in the various State Court actions, in Mercer County, wherein ACCG and White are parties. The Mercer County Court refused to allow the disclosure of the corporate financial information, because such information was deemed confidential. Thus, White is attempting to circumvent the State Court action and obtain confidential information in the Federal Court.

19. ACCG is a mental health Clinic and access to its confidential, financial, and other records is substantially detrimental to the public.

20. The documents sought are not reasonably calculated to lead to admissible evidence in this litigation. To the contrary,

the financial records are being sought only for the illegitimate purposes of giving FCCS a competitive advantage in the market place.

21.  The document requests are not limited in time and seek every financial record of ACCG, which includes thousands of documents. Therefore, the requests are overbroad and should be stricken.

22.  The records requested seek privileged attorney work-product materials, attorney/client protected materials, accountant/client privilege materials and materials prepared in anticipation of litigation in the various lawsuits between ACCG and White, which are currently before the Court of Common Pleas of Mercer County.

23.  ACCG is a <u>non-profit</u> mental health clinic, and is not a party to this action.

24.  In the *ad damnum* clauses of her Complaint, White claims that she is entitled to lost compensation from ACG and ACCG; and loss of the value of her investment in ACG and ACCG. (Fed. Compl. at ¶139 (b) (d).)

25.  White was terminated by the ACCG Board of Directors. Thus, lost compensation claims cannot be asserted in the instant litigation.  In any event, the compensation which White earned as of the date of her termination is known to her and does not require discovery of ACCG financial information.

26.  ACCG is a non-profit Corporation, which has no investors and no owners as a matter of law.  Therefore, White

6

could not invest in ACCG and financial records are thereby irrelevant to her claim.

27. As a non-profit mental health clinic, ACCG's financial records have absolutely no relevance to the litigation between White and George.

28. The Subpoenas require disclosure of trade secrets and confidential commercial information which is irrelevant to the litigation.

29. The documents sought by the Subpoenas are records of ACCG which include trade secrets and confidential commercial and client information of ACCG. Thus, under no circumstances should any financial information of ACCG be disclosed to the public.

30. This Motion for Protective Order and the Motion to Quash filed contemporaneously herewith constitute objections to the Subpoenas issued pursuant to Federal Rules of Civil Procedure 45(c)(2)(B).

WHEREFORE, Associates in Counseling and Child Guidance hereby respectfully request that this Court enter a Protective Order precluding discovery of any financial and commercial information relating to Associates in Counseling and Child Guidance, Inc.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
RICHARD B. SANDOW
PA ID #30914

DAVID M. HUNTLEY
PA ID #59960

JOHN P. CORCORAN, JR., ESQUIRE
PA ID # 74906

JONES, GREGG, CREEHAN & GERACE, LLP
Firm #140

411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA   15219-1905
(412) 261-6400

COUNSEL    FOR    ASSOCIATES    IN COUNSELING AND CHILD GUIDANCE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,               :    CHIEF JUDGE ZIEGLER
                       :    MAGISTRATE JUDGE
                       :    MITCHELL
    Plaintiff,           :
                       :
vs.                   :    CIVIL ACTION NO:
                       :    NO: 00-2466
SHAYEN A. GEORGE, M.A.,    :
                       :
    Defendant.           :

**ORDER OF COURT**

AND NOW, this ____ day of _____, 2001, upon consideration of the Motion for Protective Order filed by Associates in Counseling and Child Guidance, and argument thereon, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion for Protective Order is GRANTED. Discovery of financial and commercial information related to Associates in Counseling and Child Guidance is not permitted.

BY THE COURT:

_____ J.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ **DISTRICT OF** _____ PENNSYLVANIA _____

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: ¹ 00-2466

TO: Associates In Counseling And
Child Guidance, Inc.
272 East Connelly Blvd., Sharon, PA 16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### (See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 272 East Connelly Blvd., Sharon, PA 16146 | September 5, 2001 2:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

EXHIBIT

A

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 272 East Connelly Boulevard<br>Sharon, PA 16146 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Associates In Counseling And Child Guidance, Inc. | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  August 22, 2001
             DATE

_David S Bloom_
SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA 15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

        Plaintiff,

    vs.

SHAYEN A. GEORGE, M.A.,

        Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

To:   **Associates in Counseling and Child Guidance, Inc.**
       **272 East Connelly Blvd.**
       **Sharon, PA   16148**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2.    All financial documentation of Associates in Counseling and Child Guidance, Inc.

3.    All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4.    All financial documentation of Associates in Child Guidance, Inc.

5.    All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc., and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ PENNSYLVANIA _____

MARY L. WHITE

**v.**

SHAYEN A. GEORGE, M.A.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 00-2466
**(Western District of Pennsylvania)**
This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: Richard J. Gold, Esquire
    1608 Walnut Street
    Philadelphia, PA 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### (See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 1608 Walnut Street, Philadelphia, PA 19103 | September 6, 2001 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David S Bloom*  Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**
**B**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 1608 Walnut Street<br>Philadelphia, PA 19103 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Richard J. Gold, Esq. | United States Mail; Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___August 22, 2001___                     _David S Bloom_
              DATE                                         SIGNATURE OF SERVER

                                   ___428 Boulevard of the Allies___
                                    ADDRESS OF SERVER

                                    ___Pittsburgh, PA 15219___

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                                CIVIL

       Plaintiff,                         CHIEF JUDGE ZIEGLER
                                              MAGISTRATE JUDGE MITCHELL
  vs.
                                              Civil Action No.  00-2466
SHAYEN A. GEORGE, M.A.,                       (IN THE UNITED STATES DISTRICT COURT FOR THE
                                              WESTERN DISTRICT OF PENNSYLVANIA)

      Defendant.                         JURY TRIAL DEMANDED


## EXHIBIT "A" TO SUBPOENA

**To:**   **Richard J. Gold, Esquire**
        **1608 Walnut Street**
        **Philadelphia, PA 19103**


## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set

forth in the Federal Rules of Civil Procedure and includes without limits on all written,

printed, recorded or graphic matter, photographic matter or sound reproductions, however

produced or reproduced, in the actual or constructive possession, custody, care or control

of the Defendant, his agents, employees, representatives and attorneys, or any of them,

and/or other third parties as designated herein, and whether or not now in existence,

including, but not limited to originals or copies (where originals are unavailable or where

the copy differs in any respect from the original) including, without limiting the generality

of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and

sound recordings, minutes of directors' meetings and of committee meetings, minutes of

all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer

hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld

computers), network or computer servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.   All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2.   All financial documentation of Associates in Counseling and Child Guidance, Inc.

3.   All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4.   All financial documentation of Associates in Child Guidance, Inc.

5.   All documentation produced, utilized and/or regarding the incorporation of and the conducting of business by both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc., and the retreat conducted by Richard J. Gold, Esquire regarding both Associates in Child Guidance, Inc. and Associates in Counseling and Child Guidance, Inc. held between Attorney Gold, Mary L. White and Shayen A. George, M.A.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ——————— **DISTRICT OF** ——— PENNSYLVANIA

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: ' 00-2466

TO: McGill, Power, Bell & Associates, LLP
    3110 Highland Road
    Hermitage, PA 16148

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 3110 Highland Road, Hermitage, PA 16148 | September 5, 2001 12:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David S Bloom*     Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

' If action is pending in district other than district of issuance, state district under case number.



EXHIBIT

C

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 3110 Highland Road Hermitage, PA 16148 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| McGill, Power, Bell & Associates, LLP | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on **August 22, 2001**
        DATE

_David S. Bloom_
SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA 15219

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                                    CIVIL

          Plaintiff,                              CHIEF JUDGE ZIEGLER
                                                  MAGISTRATE JUDGE MITCHELL
     vs.
                                                  Civil Action No.  00-2466
SHAYEN A. GEORGE, M.A.,
                                                  JURY TRIAL DEMANDED
          Defendant.


## EXHIBIT "A" TO SUBPOENA

To:    **McGill, Power, Bell & Associates, LLP**
       **3110 Highland Road**
       **Hermitage, Pennsylvania 16148**


## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set

forth in the Federal Rules of Civil Procedure and includes without limits on all written,

printed, recorded or graphic matter, photographic matter or sound reproductions, however

produced or reproduced, in the actual or constructive possession, custody, care or control

of the Defendant, his agents, employees, representatives and attorneys, or any of them,

and/or other third parties as designated herein, and whether or not now in existence,

including, but not limited to originals or copies (where originals are unavailable or where

the copy differs in any respect from the original) including, without limiting the generality

of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and

sound recordings, minutes of directors' meetings and of committee meetings, minutes of

all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer

hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld

computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    All    documentation    produced,    utilized    and/or    regarding    the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.

2.    All financial documentation of Associates in Counseling and Child Guidance, Inc.

3.    All    documentation    produced,    utilized    and/or    regarding    the incorporation and the conducting of business of Associates in Child Guidance, Inc.

4.    All financial documentation of Associates in Child Guidance, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

_WESTERN_ ———————— **DISTRICT OF** ———— _PENNSYLVANIA_

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: ' 00-2466

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: Black, Bashor & Porsch, LLP
270 East Connelly Boulevard
Sharon, PA 16146-1852

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 270 East Connelly Blvd., Sharon, PA 16146-1852 | September 5, 2001 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _David S Bloom_  Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.



**EXHIBIT**
**D**

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 270 East Connelly Boulevard Sharon, PA 16146-1852 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Black, Bashor & Porsch, LLP | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __August 22, 2001__
            DATE

SIGNATURE OF SERVER

__428 Boulevard of the Allies__
ADDRESS OF SERVER

__Pittsburgh, PA 15219__

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

       Plaintiff,

    vs.

SHAYEN A. GEORGE, M.A.,

      Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:**    **Black, Bashor & Porsch, LLP
270 East Connelly Blvd.
Sharon, PA 16146-1852**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer servers, memoranda of all types, inter-office

communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    **All documentation produced, utilized and/or regarding the incorporation and the conducting of business of Associates in Counseling and Child Guidance, Inc.**

2.    **All financial documentation of Associates in Counseling and Child Guidance, Inc.**

Received    9/28/00   4:31PM;         717-232-6248 → JONES;GREGG;   Page 2

Sep-28-00  16:38   Anthony DiSanto              717-232-6248              P.02

```
                        Print Key Output                              Page   1
  5769SS1 V4R4M0 990521                  DOS400              09/28/00   15:02:22

  Display Device  .  .  .  .  .  : CORP1TR03
  User  .  .  .  .  .  .  .  .  .  : DOSIC03

COR809             DISPLAY BASIC ENTITY INFORMATION        9/28/00  15:02:21
                   INCORPORATED BUSINESS

   ENTITY#: 2960074        TYPE: AIB   BKDOWN TYPE: B           CONSENT: N
     FILED:  8 29 2000   SPECIFIED EFF:

 CURRENT: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.

 ORIGINAL: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.

 ADDRESS: 76 JEFFERSON AVE STE C

    CITY: SHARON                STATE: PA    ZIP: 16146
         COUNTY: 43    CNTRY/JURIS: PA

 PURP/DESC/CMNT: BROAD

 LTD AUTH: N                        LTD/INC TERM: PERP

                                                      ADNL PRTNR: 1


     F3=EXIT      F12=RETURN      ENTER=MORE...
```



```
                       Print Key Output                          Page  1
     5769SS1 V4R4M0 990521                DOS400          09/28/00  15:02:24

     Display Device  . . . . . :  CORP1TR03
     User  . . . . . . . . . . :  DOSIC03

   COR811                   DISPLAY CORPORATE OFFICERS        9/28/00  15:02:23

   ENTITY#: 2960074                   REPORT FILED AS OF:  8 29 2000

       NAME: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.

   CHIEF EXECUTIVE OFFICER: MARY L WHITE

            VICE PRESIDENT:

              SECRETARY:

              TREASURER:


      MAILING ADDRESS: 76 JEFFERSON AVE STE C

                       SHARON             PA   16146


     F3=EXIT      F12=RETURN      f17=ADDRESS WINDOW     ENTER=MORE...
```

Received: 9/28/00 4:51PM; 717 232 8248 -> JONES/GREGG; Page 4

Sep-28-00 16:38  Anthony DiSanto                717-232-6248                P.04

```
                   Print Key Output                          Page   1
  5769SS1 V4R4M0 990521            DOS400            09/28/00  15:02:26

   Display Device  . . . . . :  CORP1TR03
   User  . . . . . . . . . . :  DOSIC03


COR812                DISPLAY INSTRUMENT HISTORY        9/28/00  15:02:25
ENTITY#: 2960074
    NAME: FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.
TYP    ROLL   START-END    COMMENTS                               DATE
AIB   2000066  851    852                                       8 29 2000
```

END OF INSTRUMENT HISTORY LIST REACHED
F3=EXIT                      F12=RETURN   ENTER=MORE   PAGE DOWN=PRIOR PAGE UP=NEXT

Aug-28-00  28:47   From                                    T-419  P 03/12  F-046

Microfilm Number _____ - _____      Filed with the Department of State on _____ **AUG 2 9 2000**

                    **200066 · 851**

Entity Number _____

                                        _Kim Pizzingelli_

            Secretary of the Commonwealth

## ARTICLES OF INCORPORATION-FOR PROFIT
## OF

### FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.
### Name of Corporation
### A TYPE OF CORPORATION INDICATED BELOW

Indicate type of domestic corporation:

**X** Business-stock (15 Pa.C.S. 1306)          ___ Management (15 Pa.C.S. 2702)

___ Business-nonstock (15 Pa C.S. 2102)          ___ Professional (15 Pa.C.S. 2903)

___ Business-statutory close (15 Pa.C S. 2303)   ___ Insurance (15 Pa.C.S. 3101)

___ Cooperative (15 Pa.C.S. 7102)

          DSCB:15-1306/2102/2303/2702/2903/3101/7102A (Rev 91)

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. (relating to corporations and unincorporated associations) the undersigned, desiring to incorporate a corporation for profit hereby, state(s) that:

1 The name of the corporation is: **FAMILY COUNSELING AND CHILDREN'S SERVICES, INC.**

2. The (a) address of this corporation's initial registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is:

(a) **76 JEFFERSON AVENUE  SUITE C**   **SHARON**   **PA**   **14146**   **MERCER**
     Number and Street                City        State    Zip      County

(b) c/o. _____
         Name of Commercial Registered Office Provider                    County

For a corporation represented by a commercial registered office provider, the county in (b) shall be deemed the county in which the corporation is located for venue and official publication purposes.

3. The corporation is incorporated under the provisions of the Business Corporation Law of 1988.

4. The aggregate number of shares authorized is: _____ **10,000** _____ (other provisions if any, attach 8 1/2 x 11 sheet)

The name and address, including number and street if any, of each incorporator is:
          Name                                          Address

**DANIEL J. McNULTY, ESQUIRE**          **FELDSTEIN GRINBERG STEIN & McKEE**

_____          **428 BOULEVARD OF THE ALLIES, PITTSBURGH, PA 15219**

L023030J 1

Case 2:00-cv-02466-ARH    Document 185-6    Filed 10/27/2005    Page 30 of 32
Received:    9/28/00  4:52PM;              717 232 6248 -> JONES,GREGG;  Page 8

Sep-28-00 16:39   Anthony DiSanto              717-232-6248                      P.06

DSCB.15-1306/2102/2303/2702/2921006+/7852A (Rev 91)-2

6. The specified effective date, if any, is: __UPON FILING__
   month        day        year        hour, if any

7. Additional provisions of the articles, if any, attach an 8 1/2 x 11 sheet.

8. Statutory close corporation only: Neither the corporation nor any shareholder shall make an offering of any of its shares of any class that would constitute a "public offering" within the meaning of the Securities Act of 1933 (15 U.S.C. 77a et seq.).

9. Cooperative corporations only: (Complete and strike out inapplicable term) The common bond of membership among its members/shareholders is: _____

   IN TESTIMONY WHEREOF, the incorporator(s) has (have) signed these Articles of Incorporation this __29th__ day of __August__, 20__00__.

   _____
   (Signature)  DANIEL J. MCNULTY, ESQUIRE

   _____
   (Signature)

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I HEREBY CERTIFY that Brian Must, Esquire, Co-Counsel for Shayen A. George, M.A., contacted Attorney Stanley Stein on August 30, 2001 concerning withdrawal of the Subpoenas directed to third parties.    Attorney Stein would not withdraw the Subpoenas.  Accordingly, counsel for Associates in Counseling and Child Guidance, Inc. notified Attorney Stein's Office that a Motion to Quash and Motion for Protective Order would be filed prior to the commencement of the depositions in accordance with the Federal Rules of Civil Procedure.

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
      JOHN P. CORCORAN, JR., ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within MOTION FOR PROTECTIVE ORDER was served upon the following parties, on this 4th day of September, 2001 by First Class Mail, Postage Prepaid:

STANLEY M. STEIN, ESQUIRE
FELDSTEIN GRINBERG STEIN & MCKEE
428 BOULEVARD OF THE ALLIES
PITTSBURGH, PA  15219
(COUNSEL FOR PLAINTIFF)

BRIAN T. MUST, ESQUIRE
METZ SCHERMER & LEWIS, LLC
11 STANWIX STREET
PITTSBURGH, PA  15222

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE