IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | CHIEF JUDGE ZIEGLER |
| | MAGISTRATE JUDGE |
| | MITCHELL |
| Plaintiff, | |
| vs. | CIVIL ACTION NO: |
| | NO: 00-2466 |
| SHAYEN A. GEORGE, M.A., | |
| Defendant. | |

**MOTION TO INTERVENE PURSUANT TO Fed.R.Civ.P. 24(b)**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Associates In Counseling and Child Guidance, Inc., by and through its undersigned counsel, Jones, Gregg, Creehan & Gerace, LLP, hereby respectfully move this Honorable Court to grant intervention for the limited purpose of entering a Protective Order and granting Motions to Quash Subpoenas seeking confidential and proprietary information of ACCG, and in support thereof states as follows:

1.   The Plaintiff Mary L. White ("White") served subpoenas upon numerous non-parties pursuant to Federal Rule of Civil Procedure 45 requesting confidential financial and commercial records of Associates in Counseling and Child Guidance.

2.   Associates in Counseling and Child Guidance ("ACCG") filed a Motion for Order Quashing Subpoenas for Deposition and Production of Documents in response to all Subpoenas in which White requested ACCG financial documents.

3.   ACCG has filed a Motion for Protective Order to prevent the disclosure of confidential and proprietary ACCG financial and commercial information.

1



EXHIBIT 4

4. ACCG hereby files the within Motion for Permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2) in order to prevent the disclosure of confidential financial and commercial information.

5. Fed.R.Civ.P. 24(b)(2) provides in part:

> **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

6. The Third Circuit in the matter of Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d. Cir, 1994) has held that the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action. Pansy, 23 F.3d at 778 (collecting cases) *E.g.,* Beckman Indus., Inc, v. International Ins. Co. 966 F.2d 470, 473-74 (9th Cir. 1992), cert. denied. 506 U.S. 868 (1992).

7. The Third Circuit adopted the following reasoning in Beckman with regard to intervention, when a party seeks to modify a protective order:

> [t]hat the [intervenors'] claim involve ... the same legal theory [that was raised in the main action], is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order.

Beckman, 966 F.2d at 474. *as cited in* Pansy, 23 F.3d at 778.

2

8. As noted by the United States District Court for Delaware in the decision of <u>United States v. Dentsply International, Inc.</u> 187 F.R.D. 152 (D. Del. 1999), discussing the <u>Pansy</u> decision, it is not necessary that the protective order or confidentiality Order be entered before the parties intervene. <u>Dentsply</u>, 187 F.R.D. at 157-58.

9. By virtue of the fact that ACCG challenged the document request contained in the subpoenas, it meets the requirement of Fed.R.Civ.P. 24 (b)(2) in that there is "a question of law or fact in common" with the main action.

10. ACCG is motivated by a desire to protect its confidential information, and seeks to intervene for a protective order governing this litigation.

11. ACCG has a personal right and privilege with regard to the documents sought, accordingly, ACCG has standing to bring a Motion to Quash and Motion for Protective Order. <u>In re Impounding Case</u>, 879 F.2d 1211 (3d Cir. 1990); <u>In re Antitrust Grand Jury</u>, 805 F.2d 155 (6th Cir. 1986); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3rd ed. 1995).

12. Due to the complex nature of the various discovery matters, ACCG seeks to intervene for the purpose of entry of a protective order and quashing the Subpoenas issued to accountants and attorneys employed by ACCG.

WHEREFORE, Associates in Counseling and Child Guidance hereby respectfully requests that this Honorable Court enter an order granting ACCG the right to intervene for the purpose of

3

Quashing Subpoenas requesting ACCG information and entry of a Protective Order regarding discovery of ACCG information.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
RICHARD B. SANDOW
PA ID #30914

DAVID M. HUNTLEY
PA ID #59960

JOHN P. CORCORAN, JR., ESQUIRE
PA ID # 74906

JONES, GREGG, CREEHAN & GERACE, LLP
FIRM #140

411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA  15219-1905
(412) 261-6400

COUNSEL FOR ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | : | CHIEF JUDGE ZIEGLER |
| | : | MAGISTRATE JUDGE |
| Plaintiff, | : | MITCHELL |
| | : | |
| vs. | : | CIVIL ACTION NO: |
| | : | NO: 00-2466 |
| SHAYEN A. GEORGE, M.A., | : | |
| | : | |
| Defendant. | : | |

### ORDER OF COURT

AND NOW, this ____ day of _____, 2001, upon consideration of the Motion for Intervention filed by Associates in Counseling and Child Guidance, and argument thereon, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion for Intervention is GRANTED. Associates in Counseling and Child Guidance is able to participate as an interested party for the purposes of all discovery matters, which relate to Associates in Counseling and Child Guidance.

BY THE COURT:

_____ J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within MOTION TO INTERVENE was served upon the following parties, on this 4th day of September, 2001 by First Class Mail, Postage Prepaid:

STANLEY M. STEIN, ESQUIRE
FELDSTEIN GRINBERG STEIN & MCKEE
428 BOULEVARD OF THE ALLIES
PITTSBURGH, PA  15219
(COUNSEL FOR PLAINTIFF)

BRIAN T. MUST, ESQUIRE
METZ SCHERMER & LEWIS, LLC
11 STANWIX STREET
PITTSBURGH, PA  15222

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE