IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | |
| | ) | Civil Action No. 00-CV-2466 |
| Plaintiff, | ) | |
| | ) | Judge Donald E. Ziegler |
| vs. | ) | |
| | ) | Magistrate Judge Mitchell |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## NOTICE OF APPEAL FROM THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA

Defendant, Shayen A. George, M.A. ("George"), by and through his duly appointed counsel, Metz Schermer & Lewis, LLC, and pursuant to 28 USC §636, F.R.C.P. 72 and W.D. Pa. LR 72.1.3(B), files the following Notice of Appeal From the Magistrate Judge's Order Denying George's Motion for Protective Order and Motion to Quash Subpoena, and in support thereof states as follows:

### I. INTRODUCTION AND PROCEDURAL HISTORY

Reduced to its essentials, Plaintiff's 187 paragraph Complaint alleges that the Defendant, Shayen George, breached an oral agreement with her regarding the operation of a non-profit corporation engaged in providing mental health services to children, and its relation to and retention of a for-profit close corporation owned wholly (and equally) by the Plaintiff and Defendant. Prior to any other discovery, and without a predicate showing of

EXHIBIT 6

any sort, the Plaintiff sought, via subpoena, discovery of personal and private financial accounts of Mr. George, apparently under the mistaken belief that money she thought should be hers was in such accounts of Mr. George. A copy of the subpoena served upon Seven Seventeen Credit Union ("Credit Union") is attached hereto as Exhibit "1". As part of the subpoena, White requested the following documents from the Credit Union:

> All documentation regarding the financial accounts of Shayen A. George, M.A. ("SSN: 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 and DOB: 3/3/51).

On or about September 4, 2001, pursuant to Federal Rule of Civil Procedure 26(c) and Rule 45(c), George filed a Motion for Protective Order and Motion to Quash the Subpoena, arguing that privacy concerns precluded such discovery, at least at this juncture. A hearing was held on Defendant's Motion before the Honorable Magistrate Judge Robert C. Mitchell on September 12, 2001, and on that same day Judge Mitchell issued an Order not only denying the Motion, but also, apparently, allowing unfettered access to all personal and private financial accounts of Mr. George, apparently regardless of where maintained or for what purpose.[1] Specifically, the Order stated as follows:

> 9/12/01 - Motion denied. Plaintiff may seek records covering period when parties had business relationship and forward to the present.

A copy of the Order is attached hereto as Exhibit "2".

George files these Objections on the basis that the Order issued by Judge Mitchell is overly broad and does not permit George the opportunity to protect his personal and private financial records from carte blanch review by the Plaintiff and her counsel. The issue of the relevancy of George's personal accounts at other banks or institutions was not before Judge

---

[1] The cryptic nature of the Magistrate Judge's Order allows for this expansive interpretation by the Plaintiff, even though the only issue before the Magistrate in this regard was the Credit Union subpoena. While George believes that the Order properly interpreted, applies only to the single subpoena at issue, the more expansive interpretation is addressed in this appeal as a precautionary measure only.

2

Mitchell, and as specific and particular facts and circumstances may apply to each such account, it was an error to permit Plaintiff the right to subpoena, in essence, everything. Further, as to the Credit Union, the records sought by the Plaintiff are not relevant to these proceedings and disclosure of them violates the Defendant's privacy rights.

## II. LAW AND ARGUMENT

### A. Standard of Review

When an appeal is taken from the decision of a Magistrate Judge pursuant to USC § 636(b)(1)(A), a judge shall consider the appeal and set aside any portion of the same found to be clearly erroneous or contrary to law. *See* 28 USC § 636(b)(1)(A); F.R.C.P. 72 and W.D. PA. LR 72.1.3.(B).

### B. Law

Pursuant to Federal Rule of Civil Procedure 26(c), upon motion by a party and for good cause shown, the Court may make any Order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. *See* F.R.C.P. 26(c). Similarly, pursuant to Federal Rule of Civil Procedure 45(c), a Court may quash or modify a subpoena to protect a person subject to or affected by the subpoena if it requires the disclosure of privileged or other protected material, trade secrets or other confidential research, development, or commercial information. *See* F.R.C.P 45(c).

While the party resisting discovery ordinarily bears the burden of establishing lack of relevancy, the party seeking discovery must also demonstrate a real and practical need for the information sought. *See Richard McCurdy v. Wedgewood Capital Management Co., Inc.*, 1998 U.S. Dist. LEXIS 18875, Civil Action No. 97-4304 (E.D. Pa. November 16, 1998); *Consolidated Rail Corp. v. United States*, 812 F.2d 1444, 1463 (3rd Cir. 1987). In this case,

the Subpoena in question seeks only the private and personal financial documents, records and information of George, which are in no way relevant to the instant lawsuit, particularly at this stage of the proceedings.

Indeed, in Plaintiff's 187 paragraph Complaint there is only the briefest reference to George's private and personal bank accounts. Paragraph 158 of the Complaint reads as follows:

> It is believed that George is holding the money that he owes to White in either his own bank accounts or the bank accounts of ACCG.

This barest of allegations is the only reference to George's private and personal financial information, and is not enough at this stage of the proceedings to permit the Plaintiff unfettered access to George's private and personal financial records. <u>Indeed, the Magistrate Judge's decision creates a rule that whenever somebody says that another owes them money, they are permitted access to financial accounts to see if it might be there</u>. Such is not the law.

When faced with the issue of whether or not a Plaintiff is entitled to obtain discovery of a Defendant's financial condition or status, Federal District Courts in this Commonwealth have routinely denied access to such information. *See Richard McCurdy v. Wedgewood Capital Management Company, Inc.*, 1998 U.S. Dist. LEXIS 18875, Civil Action No. 97-4304 (E.D. Pa. November 16, 1998) ("Rule 26 will not permit the discovery of facts concerning a Defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence."); *Mark Grabowski v. Gloria B. Levin*, 1990 U.S. Dist. LEXIS 16713, Civil Action No. 89-7825 (E.D. Pa. December 6, 1990); *Richard A. Chenoweth v. John T. Schaaf, M.D.*, 98 FRD 587 (W.D. Pa. 1993); s*ee also Ranney-Brown Distributors, Inc. v. V.E.T. Barwick Industries, Inc.*, 75

4

FRD 3, 4 (S.D. Ohio 1977); *Bogosian v. Gulf Oil Corp.*, 337 F. Supp. 1228 (E.D. Pa. 1971); *Blount v. Wake Electric Membership Corporation*, 162 FRD 102, 104 (E.D. NC 1993); *U.S. v. General Electric Company*, 158 FRD 161, 163 (D. Oregon 1994).

In the case before this Court, George is in particular need of protection given that the Plaintiff's Subpoena to Credit Union is extremely broad and, indeed, requests <u>all</u> of the financial account documentation in the possession of Credit Union regarding George. This is further exacerbated by the fact that Judge Mitchell's Order permits Plaintiff to subpoena all of George's personal and private financial records without any showing as to why the particular records at issue are relevant. In short, the Plaintiff can arguably subpoena every bank she can find and proceed on a fishing expedition to harass George, all, apparently, with Court approval.

As the Court in *Grabowski* noted: "While it is conceivable that some of this information might, as plaintiff urges, have at least tangible bearing on the fraud claim – *e.g.*, as evidence of a motive – the interrogatories are so broadly drawn that they cannot be said to be 'reasonably calculated' to discover such admissible evidence. **Rather, they appear to seek a full financial audit.**" *Id.* at *3 (emphasis added).

Further, simply because the Plaintiff has <u>alleged</u> that she is entitled to punitive damages does not mean that she should be given access to private and personal financial information about George that would otherwise be prohibited. In ruling on this very issue, the Court in *Grabowski* held as follows:

> There is no actual information before this Court as to whether plaintiff's fraud claim has genuine merit, thereby justifying an award of punitive damages. Without such threshold evidentiary showing, I am reluctant to require defendant to disgorge the breadth of information here sought. At this early juncture, I conclude that it would be inappropriately intrusive

> into her personal affairs. There is much talk in this day and age about the importance of a right to privacy, a legal doctrine of relatively recent recognition in the evolution of the common law. *See Warren & Brandeis The Right to Privacy*, 4 HARV. L. Rev. 193 (1890). The same privacy interests warrant some recognition even in the inherently invasive context of process of a full-court press of civil discovery.
>
> *Grabowski, supra.*, at *7; *see also Chenoweth, supra.* at 589-90 ("We, therefore, hold that from the face of the complaint, nothing other than statements, conclusive in nature, are included from which the Court is unable to say that there is a real possibility that punitive damages will be at issue, sufficient to allow the information requested.")

Just as in *Grawbowski*, outside of one brief and unsubstantiated reference in one paragraph of a 187 paragraph Complaint, there is no factual or admissible information before this Court to support whether or not any of Plaintiff's claims have merit. Without the Plaintiff providing, at a minimum, a threshold evidentiary showing in support of her claim, this Court cannot require George, or any third party, to simply hand over carte blanche such private and personal financial information. Further, the issue of other financial records at other institutions was not before Judge Mitchell. His Order, as drafted, may deprive George of the opportunity to protect himself by opposing future subpoenas on similar or, if warranted, different grounds.

## III. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Shayen A. George, M.A. respectfully moves this Court to grant his Appeal from the Magistrate Judge's Order Denying his Motion for Protective Order and Motion to Quash Subpoena.

Respectfully submitted,

METZ SCHERMER & LEWIS, LLC

By: _____
Brian T. Must, Esquire
Pa. I.D. No.: 49657
Steven Petrikis, Esquire
Pa. I.D. No.: 34426
Michael P. Robic II, Esquire
Pa. I.D. No.: 75578

11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
(412) 918-1100

Attorneys for Defendant:
Shayen A. George, M.A.

## Issued by the
## UNITED STATES DISTRICT COURT

<u>NORTHERN (EASTERN DIVISION)</u> DISTRICT OF <u>OHIO</u>

| | |
|---|---|
| MARY L. WHITE<br>V.<br><br>SHAYEN A. GEORGE, M.A. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: '00-2466<br>(Western District of Pennsylvania) |

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

TO: Seven Seventeen Credit Union
3181 Larchmont Avenue, NE
Warren, OH 44483

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attached Exhibit "A")

| PLACE | DATE AND TIME |
|---|---|
| 3181 Larchmont Avenue, NE, Warren, OH 44483 | September 5, 2001<br>4:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David S. Bloom* Attorney for Plaintiff | August 22, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David S. Bloom, Esquire, 428 Blvd. of the Allies, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 1**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 22, 2001 | 3181 Larchmont Avenue, NE<br>Warren, OH 44483 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Seven Seventeen Credit Union | United States Mail, Restricted Delivery, Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on August 22, 2001
DATE

SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA 15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| MARY L. WHITE,<br><br>　　Plaintiff,<br><br>vs.<br><br>SHAYEN A. GEORGE, M.A.,<br><br>　　Defendant. | CIVIL<br><br>CHIEF JUDGE ZIEGLER<br>MAGISTRATE JUDGE MITCHELL<br><br>Civil Action No. 00-2466<br>(IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA)<br><br>JURY TRIAL DEMANDED |

## EXHIBIT "A" TO SUBPOENA

To:　Seven Seventeen Credit Union
　　　3181 Larchmont Avenue, NE
　　　Warren, OH 44483

### DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld

computers), network or computer servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. **All documentation regarding the financial accounts of Shayen A. George, M.A. (SSN: 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 and DOB: 3/3/51)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 00-CV-2466 |
| | ) |
| SHAYEN A. GEORGE, M.A., | ) Judge Donald E. Ziegler |
| | ) Magistrate Judge Robert C. Mitchell |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA

Defendant, Shayen A. George, M.A. ("George"), by and through his duly appointed counsel, METZ SCHERMER & LEWIS, L.L.C., files the following Motion for Protective Order and Motion to Quash Subpoena pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure:

1. The Plaintiff in this case, Mary L. White ("White"), has caused Subpoenas to be served upon several non-parties, including Seven Seventeen Credit Union ("Credit Union"). A copy of the Subpoena served upon Credit Union is attached hereto as Exhibit 1. As part of the Subpoena, White is requesting the following documents from Credit Union:

> All documentation regarding the financial accounts of Shayen A. George, M.A. (SSN: 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 and DOB: 3/3/51).

2. Pursuant to Federal Rule of Civil Procedure 26(c), upon motion by a party and for good cause shown, the Court may make any Order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. *See* F.R.C.P. 26(c).

9/12/01 — Motion denied. Plaintiff may sub records covering period when parties had business relationship and forward to the present.

Robert C. Mitchell
US Magistrate Judge

**EXHIBIT 2**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing **NOTICE OF APPEAL FROM THE MAGISRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA** has been served via hand delivery, this 26th day of September, 2001, upon the following counsel of record:

Stanley M. Stein, Esquire
Feldstein, Grinberg, Stein & McKee
428 Blvd. of the Allies
Pittsburgh, PA 15219

Richard B. Sandow, Esquire
Jones, Gregg, Creehan & Gerace
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

_____