## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

January 7, 2005
D-27

### No.   02-3425

MARY L. WHITE
v.
SHAYEN A. GEORGE, M.A., et al.
Associates in Counseling and Child Guidance, Inc., Appellant
(W.D.(Pittsburgh) of PA. Civil No. 00-cv-02466)

**Present:**    SCIRICA, Chief Judge, BARRY and SMITH, Circuit Judges.

1. Clerk's submission for possible dismissal due to a jurisdictional defect.

2. Response by Appellee in Support of Clerk's Jurisdictional Defect Letter.

3. Response by Appellant in Opposition to Clerk's Jurisdictional Defect Letter.

4. Status report received from Appellant advising the Court of the current status of District Court proceedings.

5. Status report received from Appellee advising the Court of the current status of District Court proceedings.

6. Response by Appellee to Appellant's Status Report.

/s/ LaToya Corprew
LaToya Corprew
Case Manager          267-299-4915

_____ **O R D E R** _____

The Court may have jurisdiction to consider the appeal to the extent that it challenges the subpoenas addressed to the Accounting Firms and to the Attorney, Mr. Gold (the Professionals).  In re: Flat Glass Antitrust Litigation, 288 F.3d 83, 88-89 and 90 n.9 (3rd Cir. 2002).  However, the record before this Court fails to present any well developed arguments as to why, and the extent to which, the materials requested constitute trade secrets.  It is not sufficient that the materials requested are "confidential" or "sensitive." Bacher v. Allstate Ins. Co., 211 F.3d 52 (3rd Cir. 2000).

Even if jurisdiction does exist, given that the discovery requests are subject to an "attorney's eyes only" protective order insofar as proprietary information is requested, it is unclear what immediate harm Associates in Child Counseling and Guidance (ACCG) would suffer as a result of compliance.  Aside

**EXHIBIT**

10

from this potential lack of harm, the Court has other concerns, based upon the record currently before the Court, about the justiciability of the appeal at this time.  These include, inter alia, whether the subpoena addressed to ACCG overlaps the subpoenas addressed to its Professionals in regard materials which ACCG claims constitute trade secrets and what effect that the evidence which the Professionals either have given, or may be expected to give, both in the state and federal proceedings might have on the issues presented in this appeal.

For the foregoing reasons, the appeal is dismissed.

By the Court,


/s/ Anthony J. Scirica
Chief Judge


Dated:   October 11, 2005


lwc/cc:    John P. Corcoran, Esq.
           Stanley M. Stein, Esq.

-2-