IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | Civil Action No. 00-CV-2466 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Amy R. Hay |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A. | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH SUBPOENAS AND MOTION FOR SANCTIONS

Defendant Shayen A. George ("George"), by his undersigned counsel, files the following Motion for Protective Order, Motion to Quash Subpoenas and Motion for Sanctions:

1. On or about October 26, 2005, counsel for White served a total of seven notices of depositions and accompanying subpoenas duces tecum knowingly in violation of a number of prior orders of this Court. True and correct copies of such notices and subpoenas are, collectively, attached hereto as Exhibit A.

2. In January of 2003, counsel for White served five subpoenas directed to an entity known as Psychology Support Services, Inc. ("PSS") and George's law firm, Jones, Gregg, Creehan & Gerace.

3. The subpoenas demanded production of the following documents:

    1. All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SYSTEMS.

    2. All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

    3. All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding sources of income from 1999 to the present.

    4.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

    5.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding the management and officers of PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

    6.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding trademark, service mark and/or copyright applications, filings and claims from 1999 to the present.

    7.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

4. On January 28, 2003, the subjects of the subpoena, PSS and Jones, Gregg, Creehan & Gerace, filed motions to both quash the subpoenas and for protective orders, true and correct copies of which are attached hereto as Exhibits B and C. The motions were brought on the bases that:

    1.    Information relating to PSS had nothing whatsoever to do with the issue in this case, an alleged oral agreement between White and George;

    2.    The discovery was sought only to assist White's competing agency, FCCS; and

    3.    The discovery sought privileged and confidential information.

5. On January 28, 2003, George also filed a Motion for Protective Order and Motion to Quash Subpoenas, pointing out to the Court that PSS had a contract with Associates in Counseling and Child Guidance, Inc. (the "Clinic") to provide computer support services and that Stacy George, George's daughter, is involved in PSS. The motion contended that White had served such subpoenas to attempt to involve George's daughter in this litigation in an attempt to pressure and harass both her and George, and that the information sought was not relevant to the litigation. A true and correct copy of this Motion is attached hereto as Exhibit D.

6. By Order dated February 11, 2003, George's motion was granted, in part, and discovery regarding the business and finances of PSS was disallowed. Only documents relating to PSS's incorporation, names of officers, trademark and copyright filings and advertisements was permitted. A true and correct copy of this Order is attached hereto as Exhibit E.

7. By Order dated March 20, 2003, the Honorable Arthur J. Schwab affirmed the Order of February 11, 2003. A true and correct copy of the March 20, 2003 Order is attached hereto as Exhibit F.

8. Counsel for White then abandoned his efforts to obtain any discovery relating to PSS.

9. Notwithstanding said Order, on October 26, 2005, counsel for White, without notice to opposing counsel, served the following subpoenas:

    (a) Stacey George (George's daughter) - seeking "all documents" regarding PSS.

    (b) Libeg, Gargano, Bell & Associates (the Clinic's accountants) - "all financial documents, work papers, ledgers" regarding PSS.

    (c) National City Bank (the Clinic's bank) - seeking information on all "account statements" of PSS.

    (d) The Clinic - seeking essentially, any and all information possessed by the Clinic relating to PSS.[1]

    (e) Jones, Gregg, Creehan & Gerace (the Clinic's lawyers) - seeking documents relating to the establishment of PSS.

10. The subpoenas issued should be quashed, a protective order should be granted and sanctions should be awarded for such a blatant disregard of this Court's Orders.

---

[1] The subpoena also requests financial information from the Clinic, including George's salary for every year from 2000 to date, and the 2004 tax return. This financial information is the subject of a separate motion to compel filed by White as well, and in accordance with this Court's Order, a response to that motion will be filed by November 28, 2005.

3

11.     It is anticipated that counsel for White will now seek reconsideration of this Order based upon "newly discovered" evidence that the Clinic did make payments to PSS as PSS was a vendor to the Clinic for computer services. Nonetheless, this information was known and made known by George at the time of this Court's original determination. It was also made known that George's daughter, Stacy George, owned PSS. Moreover, attached hereto as Exhibit G is an Affidavit of Shayen George showing he has no ownership interest in PSS.

12.     In addition, counsel for White served a Notice of Deposition of Shayen George on October 26, 2005.

13.     Such notice is also knowingly in violation of this Court's Order of August 2, 2001, directing that Mary White shall be subject to deposition in this proceeding prior to Shayen George. A true and correct copy of said Order is attached hereto as Exhibit H.

14.     Moreover, White has refused to be deposed in this proceeding until such time as the financial documents she sought were produced, and those documents are still subject to dispute as the intervenor Clinic will be filing an opposition by November 28 as directed by the Court.

15.     Counsel for White has also noticed the deposition of Thomas George, a board member of the Clinic, who has already been deposed on numerous occasions in the state court proceedings.

16.     As set forth in the letter of counsel for White to this Court dated November 3, 2005, all discovery and depositions have been postponed so that the Court may consider these motions, and so that counsel for White may respond to them when he returns to his office on November 14, 2005. A true and correct copy of said letter is attached hereto as Exhibit I.

WHEREFORE, George requests this Court to grant this Motion for Protective Order, Motion to Quash Subpoenas and Motion for Sanctions, and a proposed Order is attached for the Court's consideration.

Respectfully submitted,

METZ LEWIS LLC

SP3061/Steven Petrikis, Esq.
Pa. I.D. No.: 34426
Brian T. Must, Esq.
Pa. I.D. No.: 49657
Michael P. Robic II, Esq.
Pa. I.D. No.: 75578

11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
(412) 918-1100

John P. Corcoran, Jr., Esq.
Pa. I.D. No. 74906
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

(412) 261-6400

Attorneys for Defendant,
Shayen George

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing **MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH SUBPOENAS AND MOTION FOR SANCTIONS** has been served via first-class mail, postage pre-paid on this 15th day of November, 2005, upon the following counsel of record:

Stanley M. Stein, Esq.
Beth S. Mills, Esq.
Feldstein, Grinberg, Stein & McKee
426 Boulevard of the Allies
Pittsburgh, PA 15219

SP3061/Steven Petrikis, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | Civil Action No. 00-CV-2466 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Amy R. Hay |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A. | ) | |
| | ) | |
| Defendant. | ) | |

## LOCAL RULE 7.1 AND 37.1 CERTIFICATE

I, undersigned counsel for Defendant, hereby certify that I have consulted with counsel for the Plaintiff as reflected in his correspondence to the Court dated November 3, 2005, and attached to the within motion as Exhibit I.

SP3061/Steven Petrikis, Esq.