IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF STACY GEORGE

To:     Stacy George
        c/o Associates in Counseling and Child Guidance, Inc.
        272 East Connolly Boulevard
        Sharon, PA 16146

**TAKE NOTICE** that the deposition of Stacy George, will be taken before a Notary

Public on **November 14, 2005, beginning at 11:30 a.m.** at the offices of Feldstein Grinberg

Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

All of said topics are relevant to the subject matter involved in this action and none of

them are privileged. This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                        FELDSTEIN GRINBERG STEIN & McKEE

            By:     _Stanley M. Stein_
                        Stanley M. Stein, Esquire
                        Attorney for Plaintiff, Mary White

{00345187.1}

1

EXHIBIT

A

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition of Stacy George was served via First Class, U.S. Mail, postage prepaid, this _26th_ day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

Mary L. White

    V.

Shayen A. George

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  00-2466

TO: Stacy George
c/o Associates in Counseling and Child Guidance, Inc.
272 East Connolly Boulevard
Sharon, PA 16146

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 11:30 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See attached Exhibit A.

| PLACE  Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 11:30 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*  Attorney for Plaintiff | DATE<br>10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219        (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

1.      Any and all documents in your possession regarding Professional

Employee Management Services, LLC and/or Psychology Support Services, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,               )     CIVIL ACTION NO. 00-2466
                                   )
         Plaintiff,          )
                                   )
    v.                      )
                                   )
SHAYEN A. GEORGE, M.A.,    )
                                   )
         Defendant.      )

## <u>NOTICE OF DEPOSITION OF LIBEG, GARGANO, BELL & ASSOCIATES</u>

To:    Custodian of Records
       Libeg, Gargano, Bell & Associates
       3110 Highland Road
       Hermitage, PA 16148

**TAKE NOTICE** that the deposition of the Custodian of Records of Libeg, Gargano, Bell

& Associates, will be taken before a Notary Public on **November 14, 2005, beginning at 2:30**

**p.m.** at the offices of Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies,

Pittsburgh, PA 15219.

All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

FELDSTEIN GRINBERG STEIN & McKEE

By:    _Stanley M. Stein_

Stanley M. Stein, Esquire
Attorney for Plaintiff, Mary White

{00345189.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of the Custodian of Libeg, Gargano, Bell & Associates was served via First Class, U.S.

Mail, postage prepaid, this ___26___ day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222


Stanley M. Stein

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

WESTERN _____

DISTRICT OF _____ PENNSYLVANIA

Mary L. White

V.

Shayen A. George

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    00-2466

TO:  Custodian of Records
Libeg, Gargano, Bell & Associates
3110 Highland Road
Hermitage, PA 16148

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 2:30 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE   Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 2:30 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_          Attorney for Plaintiff | 10/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219          (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                SIGNATURE OF SERVER

                                                              _____
                                                              ADDRESS OF SERVER

                                                              _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

1.     Any and all financial documents, work papers, ledgers, or any other document of whatever kind or nature regarding Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                          )    CIVIL ACTION NO. 00-2466
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
SHAYEN A. GEORGE, M.A.,                 )
                                        )
            Defendant.                  )

## NOTICE OF DEPOSITION OF NATIONAL CITY BANK

To:   Custodian of Records
      National City Bank
      66 East State Street
      Sharon, PA 16146

      **TAKE NOTICE** that the deposition of the Custodian of Records of National City Bank,

will be taken before a Notary Public on **November 14, 2005, beginning at 1:30 p.m.** at the

offices of Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA

15219.

      All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                              FELDSTEIN GRINBERG STEIN & McKEE

                        By:   _Stanley M. Stein_

                              Stanley M. Stein, Esquire
                              Attorney for Plaintiff, Mary White

{00345188.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of the Custodian of Records of National City Bank was served via First Class, U.S. Mail,

postage prepaid, this 26 day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

{00345188.1}

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN                           DISTRICT OF          PENNSYLVANIA

Mary L. White

V.                                    **SUBPOENA IN A CIVIL CASE**

Shayen A. George

Case Number:[1]        00-2466

TO:   National City Bank/Custodian of Records
      66 East State Street
      Sharon, PA 16146

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION   Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 1:30 p.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

    See attached Exhibit A.

| PLACE   Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 1:30 p.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Stanley M. St*     Attorney for Plaintiff | DATE<br>10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER     Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219                    (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

1.      Any and all checking and other account statements, signature cards and other records relating to any accounts held in the name of Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                           )        CIVIL ACTION NO. 00-2466
                                         )
                Plaintiff,               )
                                         )
        v.                               )
                                         )
SHAYEN A. GEORGE, M.A.,                  )
                                         )
                Defendant.               )

**NOTICE OF DEPOSITION OF EXECUTIVE DIRECTOR AND/OR CUSTODIAN OF
RECORDS OF ASSOCIATES IN COUNSELING AND CHILD GUIDANCE**

To:     Executive Director and/or Custodian of Records
        c/o Associates in Counseling and Child Guidance, Inc.
        272 East Connelly Boulevard
        Sharon, PA 16146

        **TAKE NOTICE** that the deposition of the Executive Director and/or Custodian of

Records of Associates in Counseling and Child Guidance, Inc., will be taken before a Notary

Public on **November 14, 2005, beginning at 9:30 a.m.** at the offices of Feldstein Grinberg Stein

& McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

        All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                                FELDSTEIN GRINBERG STEIN & McKEE

                                By:  _____
                                     Stanley M. Stein, Esquire
                                     Attorney for Plaintiff, Mary White

{00345183.1}

                                         1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Executive Director and/or Custodian of Records of Associates in Counseling and Child

Guidance, Inc. was served via First Class, U.S. Mail, postage prepaid, this ____ day of

October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN                          DISTRICT OF                PENNSYLVANIA

Mary L. White                              **SUBPOENA IN A CIVIL CASE**

V.

Shayen A. George                           Case Number:[1]    00-2466

TO:  Associates in Counseling and Child Guidance, Inc.
     c/o Executive Director and/or Custodian of Records
     272 East Connelly Boulevard
     Sharon, PA 16146

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pgh., PA 15219 | DATE AND TIME<br>11/14/05 - 9:30 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE    Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pgh., PA 15219 | DATE AND TIME<br>11/14/05 - 9:30 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219    (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

1.    All documents regarding any payments from Associates in Counseling and Child Guidance (ACCG) to Professional Employee Management Services, LLC and/or Psychology Support Services, LLC, including:

(a)    all invoices received by ACCG from either Professional Employee Management Services, LLC and/or Psychology Support Services, LLC;

(b)    all checks evidencing payment by ACCG to Professional Employee Management Services, LLC and/or Psychology Support Services, LLC;

(c)    any contracts between ACCG and Professional Employee Management Services, LLC and/or Psychology Support Services, LLC;

(d)    all documents evidencing any and all service or product provided by Professional Employee Management Services, LLC and/or Psychology Support Services, LLC, to ACCG.

2.    All minutes of the ACCG Board of Directors referring to or concerning Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

3.    All documents submitted to and/or reviewed by the members of the Board of Directors of ACCG regarding Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

4.    All minutes of the Board of Directors of ACCG regarding compensation determinations for Shayen A. George, including all minutes related to the establishment by the ACCG Board of Directors of Shayen A. George's salary for the years 2000, 2001, 2002, 2003, 2004, 2005 and 2006, if any.

5.    Form 990 Tax Return for Associates in Counseling and Child Guidance, Inc., for the year 2004.

{00345163.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                    )        CIVIL ACTION NO. 00-2466
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )
SHAYEN A. GEORGE, M.A.,           )
                                  )
            Defendant.            )

### NOTICE OF DEPOSITION OF JONES, GREGG, CREEHAN & GERACE

To:    Jones, Gregg, Creehan & Gerace
       411 Seventh Avenue
       Suite 1200
       Pittsburgh, PA 15219

    **TAKE NOTICE** that the deposition of Jones, Gregg, Creehan & Gerace, will be taken

before a Notary Public on **November 14, 2005, beginning at 10:30 a.m.** at the offices of

Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

    All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                            FELDSTEIN GRINBERG STEIN & McKEE


                      By:   _____
                            (Stanley M. Stein, Esquire
                            Attorney for Plaintiff, Mary White

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Jones, Gregg, Creehan & Gerace was served via First Class, U.S. Mail, postage

prepaid, this 26 day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF SHAYEN A. GEORGE

To:   Shayen A. George
      c/o John P. Corcoran, Jr., Esquire
      Jones, Gregg, Creehan & Gerace
      411 Seventh Avenue, Suite 1200
      Pittsburgh, PA 15219-1905

**TAKE NOTICE** that the deposition of Shayen A. George, will be taken before a Notary

Public on **November 17, 2005, beginning at 9:30 a.m.** at the offices of Feldstein Grinberg Stein

& McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

FELDSTEIN GRINBERG STEIN & McKEE

By:   _Stanley M. Stein_
      Stanley M. Stein, Esquire
      Attorney for Plaintiff, Mary White

{00345149.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Shayen A. George was served via First Class, U.S. Mail, postage prepaid, this _26th_

day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

{00345149.1}

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

Mary L. White

V.

Shayen A. George

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    00-2466

TO:  Jones, Gregg, Creehan & Gerace
     411 Seventh Avenue, Suite 1200
     Pittsburgh, PA 15219-1905

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 10:30 |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE    Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 10:30 |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stanley M. Stein, Esquire, Feldstein Grinberg Stein & McKee
428 Boulevard of the Allies, Pittsburgh, PA 15219        (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Exhibit A

1.    All unprivileged documents related to the establishment and organization of Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                              )          CIVIL ACTION NO. 00-2466
                                            )
                 Plaintiff,                 )
                                            )
        v.                                  )
                                            )
SHAYEN A. GEORGE, M.A.,                     )
                                            )
                 Defendant.                 )

## NOTICE OF DEPOSITION OF THOMAS R. GEORGE

To:    Thomas R. George
       2515 Elkridge Drive
       Wexford, PA 15090


       **TAKE NOTICE** that the deposition of the Custodian of Records of Libeg, Gargano, Bell

& Associates, will be taken before a Notary Public on **November 18, 2005, beginning at 9:00**

**a.m.** at the offices of Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies,

Pittsburgh, PA 15219.

       All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                          FELDSTEIN GRINBERG STEIN & McKEE


                    By:   _____
                          Stanley M. Stein, Esquire
                          Attorney for Plaintiff, Mary White


{00345191.1}                          1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Thomas R. George was served via First Class, U.S. Mail, postage prepaid, this 26TH

day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

Mary L. White

v.                                    **SUBPOENA IN A CIVIL CASE**

Shayen A. George

Case Number:[1]    00-2466

TO:  Thomas R. George
     2515 Elkridge Drive
     Wexford, PA 15090

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Feldstein Grinberg Stein & McKee 428 Boulevard of the Pittsburgh, PA 15219 | DATE AND TIME 11/18/05 - 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_   Attorney for Plaintiff | 10/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219              (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                      SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.