IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | : | JUDGE SCHWAB |
| | : | MAGISTRATE JUDGE |
| | : | MITCHELL |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO: |
| | : | NO: 00-2466 |
| SHAYEN A. GEORGE, M.A., | : | |
| | : | |
| Defendant. | : | |

PSYCHOLOGY SUPPORT SERVICES, LLC,

    Intervenor.

## MOTION FOR PROTECTIVE ORDER FILED ON BEHALF OF PSYCHOLOGY SUPPORT SERVICES, LLC AND JONES, GREGG, CREEHAN & GERACE, LLP

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Psychology Support Services, LLC and Jones, Gregg, Creehan & Gerace, LLP by and through their undersigned counsel, Jones, Gregg, Creehan & Gerace LLP, hereby respectfully move this Honorable Court to enter a Protective Order to prevent discovery of confidential business and financial information of Psychology Support Services, LLC, and in support thereof states as follows[1]:

---

[1] Psychology Support Services, LLC hereby incorporates its Motion for Order Quashing Subpoenas for Production of Documents and Brief in Support of Motion for Protective Order as if fully set forth at length.

1

EXHIBIT C

1. The Plaintiff Mary L. White ("White") served subpoenas upon the following non-parties pursuant to Federal Rule of Civil Procedure 45:

    a) Psychology Support Services, LLC. (Subpoena attached hereto as Exhibit "A");

    b) Jones, Gregg, Creehan & Gerace, LLP[2]; (Subpoena attached hereto as Exhibit "B")

2. Psychology Support Services, LLC provides support services for Clinics providing psychological care and treatment.

3. The document requests attached to the Subpoenas directed to Psychology Support Services, LLC and Jones, Gregg Creehan & Gerace, LLP request the following documents be produced relative to Psychology Support Services, LLC:

    (1) All documentation regarding the incorporation of Psychology Support Services

    (2) All documentation regarding the organization of Psychology Support Services from 1999 to the present.

    (3) All documentation regarding the conducting of business of Psychology Support Services from 1999 to the present

    (4) All documentation regarding the management and officers of Psychology Support Services from 1999 to the present

    (5) All documentation of Psychology Support Services, LLC regarding trademark, service mark and/or copyright applications, filings and/or claims from 1999 to the present.

---

[2] White also served Subpoenas upon Professional Employee Management Services, LLC; Psych Support Systems; and Psychology Support Systems. These entities do not exist at this time. To the extent, that these were previous names registered for Psychology Support Services, LLC, all records are in the possession of Psychology Support Services, LLC.

(6) All documentation of Psychology Support Services, LLC, regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

4. Neither Psychology Support Services LLC nor Jones, Gregg, Creehan and Gerace, LLP are parties to this action.

5. White has formed and currently operates a mental health agency known as the Family Counseling and Children's Services (hereinafter "FCCS").

6. FCCS directly competes with Associate in Counseling and Child Guidance ("ACCG") an entity to which Psychology Support Services, LLC provides support services.

7. The documents which White is requesting seek confidential commercial and proprietary information of Psychology Support Services, LLC.

8. The only purpose for seeking Psychology Support Services, LLC financial records is to use those records to benefit White's competing agency, FCCS. Indeed, the entire purpose for filing the federal lawsuit and seeking discovery of Psychology Support Services, LLC financial and commercial documents is to obtain this financial information to benefit FCCS in the marketplace.

9. The document requests seek information which is privileged and/or other protected financial matter.

10. The document request requires disclosures of confidential research, development and commercial information.

11. The Courts have the power to grant confidentiality orders over material not on file with the court that a district court retains the power to modify or lift confidentiality orders that it has entered. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 33 n. 19 (1984); <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 784-85 (3d. Cir 1994).

12. Similarly, Fed. R. Civ. P. 26 (c)(7) permits "a party" or "person from whom discovery is sought" to move the court for a protective order and provides that "for good cause shown," the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense including ... that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way ..." Thus, the power to grant confidentiality orders is not unlimited and such orders should not be granted arbitrarily. <u>Lee v. A.R.T. Studio Clay Company, Inc.</u> 2001 WL 503393 (E.D. Pa. 2001).

13. It has been held by the Third Circuit that "good cause" is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury to the party seeking disclosure. <u>Glenmede Trust Company v.</u>

4

Thompson, 56 F.3d 476, 483 (3d. Cir. 1995), citing Pansy, 23 F.3d at 787-791.

14. The Third Circuit has further recognized several factors, which are neither mandatory nor exhaustive, that may be considered in evaluating whether good cause exists:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefiting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

Glenmede Trust Company v. Thompson, 56 F.3d 476, 483 (3d. Cir. 1995), citing Pansy, 23 F.3d at 787-791.

15. The documents sought are not reasonably calculated to lead to admissible evidence in this litigation. To the contrary, the financial records are being sought only for the

5

illegitimate purposes of giving FCCS a competitive advantage in the market place.

16. The document requests are not limited in time and seek every financial and corporate record of Psychology Support Services, LLC. Therefore, the requests are overbroad and should be stricken.

17. The records requested seek privileged attorney work-product materials, attorney/client protected materials, accountant/client privilege materials and materials prepared in anticipation of litigation in the various lawsuits between Psychology Support Services, LLC and White, which are currently before the Court of Common Pleas of Mercer County.

18. As a mental health clinic support provider, Psychology Support Services, LLC financial and business records have absolutely no relevance to the litigation between White and George.

19. The Subpoenas require disclosure of trade secrets and confidential commercial information to the public, when such information is irrelevant to the litigation.

20. This Motion for Protective Order and the Motion to Quash filed contemporaneously herewith constitute objections to the Subpoenas issued pursuant to Federal Rules of Civil Procedure 45(c)(2)(B).

WHEREFORE, Psychology Support Services, LLC hereby respectfully request that this Court enter a Protective Order precluding discovery of any financial and commercial information relating to Associates in Counseling and Child Guidance, Inc.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
RICHARD B. SANDOW
PA ID #30914

JOHN P. CORCORAN, JR.
PA ID # 74906

JONES, GREGG, CREEHAN & GERACE, LLP
Firm #140

411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219-1905
(412) 261-6400

COUNSEL FOR PSYCHOLOGY SUPPORT SERVICES, LLC, AND ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC.

EXHIBIT A

## Issued by the
## UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE

V.

SHAYEN A. GEORGE, M.A.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 00-2466

TO: Psychology Support Services, LLC
272 East Connelly Boulevard
Sharon, PA   16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE | DATE AND TIME |
| --- | --- |
| 272 East Connelly Boulevard, Sharon, PA   16146 | February 7, 2003 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ David S. Bloom   Attorney for Plaintiff | 1/10/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire   Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies, Pittsburgh, PA   15219   (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE 1/10/03 | PLACE 272 East Connelly Boulevard Sharon, PA 16146 |
|---|---|---|

SERVED
Psychology Support Services, LLC
SERVED ON (PRINT NAME)

Certified mail, return receipt requested
MANNER OF SERVICE

David S. Bloom, Esquire
SERVED BY (PRINT NAME)

Attorney
TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __1/10/03__
DATE

*[signature: David S Bloom]*
SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA 15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | CIVIL |
| Plaintiff, | |
| vs. | CHIEF JUDGE ZIEGLER<br>MAGISTRATE JUDGE MITCHELL |
| SHAYEN A. GEORGE, M.A., | Civil Action No. 00-2466 |
| Defendant. | JURY TRIAL DEMANDED |

## EXHIBIT "A" TO SUBPOENA

To:   **PSYCHOLOGY SUPPORT SERVICES, LLC**
      **272 EAST CONNELLY BLVD.**
      **SHARON, PA 16146**

### DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SERVICES, LLC.

2. All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SERVICES, LLC from 1999 to the present.

3. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding sources of income from 1999 to the present.

4. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

5. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding the management and officers of PSYCHOLOGY SUPPORT SERVICES, LLC from 1999 to the present.

6. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.

7. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

EXHIBIT
B

## Issued by the
## UNITED STATES DISTRICT COURT

WESTERN ——————— DISTRICT OF ——————— PENNSYLVANIA

MARY L. WHITE,

V.

SHAYEN A. GEORGE, M.A.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 00-2466

TO:   Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA   15219-1905
Attention:  Richard B. Sandow, Esquire

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| Jones, Gregg, Creehan & Gerace, LLP<br>411 Seventh Avenue, Suite 1200<br>Pittsburgh, PA   15219-1905 | February 7, 2003<br>2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ David S. Bloom        Attorney for Plaintiff | 1/10/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire    Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies, Pittsburgh, PA    15219    (412) 263-610

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/10/03 | 411 Seventh Avenue, Suite 1200 Pittsburgh, PA 15219-1905 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jones, Gregg, Creehan & Gerace, LLP | Certified mail, return receipt requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David S. Bloom, Esquire | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____1/10/03____
DATE

SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA  15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | CIVIL |
| Plaintiff, | CHIEF JUDGE ZIEGLER<br>MAGISTRATE JUDGE MITCHELL |
| vs. | Civil Action No. 00-2466 |
| SHAYEN A. GEORGE, M.A., | JURY TRIAL DEMANDED |
| Defendant. | |

### EXHIBIT "A" TO SUBPOENA

To:  JONES, GREGG, CREEHAN & GERACE, LLP
     411 SEVENTH AVENUE, SUITE 1200
     PITTSBURGH, PA 15219-1905
     ATTN: RICHARD B. SANDOW, ESQUIRE

### DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS.

2. All documentation regarding the organization of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

3. All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

4. All documentation regarding the management and officers of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

5. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.

6. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within MOTION FOR PROTECTIVE ORDER was served upon the following parties, on this 28th day of January, 2003 by First Class Mail, Postage Prepaid:

> STANLEY M. STEIN, ESQUIRE
> FELDSTEIN GRINBERG STEIN & MCKEE
> 428 BOULEVARD OF THE ALLIES
> PITTSBURGH, PA 15219
> (COUNSEL FOR PLAINTIFF)
>
> BRIAN T. MUST, ESQUIRE
> METZ SCHERMER & LEWIS, LLC
> 11 STANWIX STREET
> PITTSBURGH, PA 15222

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | : JUDGE SCHWAB |
| | : MAGISTRATE JUDGE |
| | : MITCHELL |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO: |
| | : NO: 00-2466 |
| SHAYEN A. GEORGE, M.A., | : |
| | : |
| Defendant. | : |
| PSYCHOLOGY SUPPORT SERVICES, LLC, | |
| Intervenor. | |

**ORDER OF COURT**

AND NOW, this ____ day of _____, 2003, upon consideration of the Motion for Protective Order filed by Psychology Support Services, LLC, and argument thereon, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion for Protective Order is GRANTED. Discovery of financial and business information related to Psychology Support Services, LLC is not permitted.

BY THE COURT:

_____ J.