


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | Civil Action No.: 00-CV-2466 |
| | ) | |
| Plaintiff, | ) | Judge Donald E. Ziegler |
| | ) | |
| v. | ) | Magistrate Judge Mitchell |
| | ) | |
| SHAYEN A. GEORGE, M.A. | ) | MC 03-49 |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER
### AND MOTION TO QUASH SUBPOENAS

Defendant, Shayen A. George, M.A. ("George"), by and through his duly appointed

counsel, METZ LEWIS LLC, files the following Motion for Protective Order and Motion to

Quash Subpoenas pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure:

1.    The Plaintiff in this case, Mary L. White ("White"), has caused five Subpoenas to

be served upon a number of non-parties, all surrounding a company called Psychology Support

Systems, LLC ("PSS"). A copy of those Subpoenas is attached hereto as Exhibits 1-5.[1]

2.    Pursuant to Federal Rule of Civil Procedure 26(c), upon motion by a party and for

good cause shown, the Court may make any Order which justice requires to protect a party or a

person from annoyance, embarrassment, oppression or undue burden or expense. *See* F.R.C.P.

26(c).

3.    Similarly, pursuant to Federal Rule of Civil Procedure 45(c), a Court may quash

or modify a subpoena to protect a person subject to <u>or affected by</u> the subpoena if it subjects a

---

[1] All of the subpoenas relate to PSS and are directed either at other versions of the PSS name, prior corporations that
no longer exist, or the Jones Gregg law firm.

EXHIBIT

D

person to an undue burden or requires the disclosure of privileged or other protected material, trade secrets or other confidential research, development, or commercial information. *See* F.R.C.P 45(c).

4. While the party resisting discovery ordinarily bears the burden of establishing lack of relevancy, the party seeking discovery must also demonstrate a real and practical need for the information sought. *See Richard McCurdy v. Wedgewood Capital Management Co., Inc.,* 1998 U.S. Dist. LEXIS 18875, Civil Action No. 97-4304 (E.D. Pa. November 16, 1998); *Consolidated Rail Corp. v. United States,* 812 F.2d 1444, 1463 (3rd Cir. 1987). In this case, the Subpoena in question is designed solely to further harass George.

5. Further, given that the subpoenas are directed at non-parties, it is important to note that said non-parties are entitled to a heightened protection. *In Re: Letters Rogatory,* 144 F.R.D. 272 (E.D. Pa. 1992); *Siegel,* Practice Commentary (45-20) Duty to Avoid "Undue Burden" on Subpoenaed Person; Sanctions for Abuse, 28 U.S.C.A., Fed.R.Civ.P. 45.

6. The documents requested by the subpoenas have no relevance to this case. Plaintiff has alleged in her Complaint the existence of a purported oral agreement between her and Shayen George regarding the creation of Associates in Child Guidance, Inc. ("ACCG"), a nonprofit corporation, and its relationship with Associates in Child Guidance ("ACG"), a for profit corporation. PSS is not a party, and its only connection to this case is that it has a contract with ACCG to provide computer services. Documents relating to PSS's incorporation, organization, conducting of business, management and officers, intellectual property and advertisements, all of which are sought via the subpoenas, have no bearing on whether any such oral agreement exists or the damages arising from any alleged breach of such oral agreement.

7.    The Plaintiff is well aware that PSS has a contract with ACCG to provide support services for the same. Moreover, Plaintiff is well aware that George's daughter, Stacey George, is involved in PSS. Plaintiff is attempting to involve George's daughter in this litigation in an attempt to pressure and harass both her and/or George by requesting business documents of PSS.

8.    Given the lack of relevance of the documents requested, Defendant George moves for a protective order and/or that the subpoenas be quashed.

WHEREFORE, for all of the foregoing reasons, Defendant Shayen A. George, M.A., respectfully moves this Court for an Order granting its Motion for Protective Order and Motion to Quash Subpoena.


Respectfully submitted,

METZ LEWIS LLC

By: _____
      Steven Petrikis, Esquire
      Pa. I.D. No.: 34426
      Michael P. Robic II, Esquire
      Pa. I.D. No.: 75578

      11 Stanwix Street, 18th Floor
      Pittsburgh, PA 15222
      (412) 918-1100

Attorneys for Defendant:
Shayen A. George, M.A.

3

1

### Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ——————— **DISTRICT OF** ——————— PENNSYLVANIA

MARY L. WHITE,

### V.

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:    00-2466

TO:  Psych Support Systems
     272 East Connelly Boulevard
     Sharon, PA  16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage.  FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

     See attached Exhibit "A."

| PLACE   272 East Connelly Boulevard, Sharon, PA   16146 | DATE AND TIME February 7, 2003 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE  1/10/03 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom. Esquire    Feldstein, Grinberg, Stein & McKee
                            428 Boulevard of the Allies, Pittsburgh, PA    15219   (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE 1/10/03 | PLACE 272 East Connelly Boulevard Sharon, PA 16146 |
|---|---|---|

| SERVED | | |
|---|---|---|
| Psych Support Systems | | Certified mail, return receipt requested |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| David S. Bloom, Esquire | Attorney |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/10/03___
DATE

_____
SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA  15219

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

        Plaintiff,

    vs.

SHAYEN A. GEORGE, M.A.,

        Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:   PSYCH SUPPORT SYSTEMS
272 EAST CONNELLY BLVD.
SHARON, PA 16146**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. All documentation regarding the incorporation of PSYCH SUPPORT SYSTEMS.

2. All documentation regarding the conducting of business of PSYCH SUPPORT SYSTEMS from 1999 to the present.

3. All documentation of PSYCH SUPPORT SYSTEMS regarding sources of income from 1999 to the present.

4. All documentation of PSYCH SUPPORT SYSTEMS regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

5. All documentation of PSYCH SUPPORT SYSTEMS regarding the management and officers of PSYCH SUPPORT SYSTEMS from 1999 to the present.

6. All documentation of PSYCH SUPPORT SYSTEMS regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.

7. All documentation of PSYCH SUPPORT SYSTEMS regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ——————————— **DISTRICT OF** ——————————— PENNSYLVANIA

MARY L. WHITE,

**V.**

SHAYEN A. GEORGE

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: '  00-2466

TO:  Psychology Support Systems
     272 East Connelly Boulevard
     Sharon, PA  16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See attached Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| 272 East Connelly Boulevard, Sharon, PA   16146 | February 7, 2003 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David S Bloom    Attorney for Plaintiff    ᶜ | 1/10/03 |

ISSUING OFFICER S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire    Feldstein, Grinberg, Stein & McKee
                           428 Boulevard of the Allies, Pittsburgh, PA  15219  (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

' If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE 1/10/03 | PLACE 272 East Connelly Boulevard<br>Sharon, PA  16146 |
|---|---|---|
| SERVED | | |
| Psychology Support Systems | | Certified mail, return receipt requested |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| David S. Bloom, Esquire | | Attorney |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/10/03_____
　　　　　　　　　　DATE

_David S Bloom_
SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA  15219

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to. lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books. papers. documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d)(2) of this rule. a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made. the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made. the party serving the subpoena may. upon notice to the person commanded to produce. move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in

person. except that. subject to the provisions of clause (c)(3)(B)(iii) of this rule. such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may. to protect a person subject to or affected by the subpoena. quash or modify the subpoena. or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents. communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                              CIVIL

      Plaintiff,                          CHIEF JUDGE ZIEGLER
                                           MAGISTRATE JUDGE MITCHELL
vs.
                                           Civil Action No.  00-2466
SHAYEN A. GEORGE, M.A.,
                                           JURY TRIAL DEMANDED
      Defendant.


## EXHIBIT "A" TO SUBPOENA

**To:  PSYCHOLOGY SUPPORT SYSTEMS
      272 EAST CONNELLY BLVD.
      SHARON, PA 16146**


## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set

forth in the Federal Rules of Civil Procedure and includes without limits on all written,

printed, recorded or graphic matter, photographic matter or sound reproductions,

however produced or reproduced, in the actual or constructive possession, custody,

care or control of the Defendant, his agents, employees, representatives and attorneys,

or any of them, and/or other third parties as designated herein, and whether or not now

in existence, including, but not limited to originals or copies (where originals are

unavailable or where the copy differs in any respect from the original) including, without

limiting the generality of the foregoing, letters, correspondence, notes, tapes,

microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and

of committee meetings, minutes of all other types of meetings, magnetic tapes,

computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails,

PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.    All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SYSTEMS.

2.    All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

3.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding sources of income from 1999 to the present.

4.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

5.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding the management and officers of PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

6.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.

7.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

3

### Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ——— **DISTRICT OF** ——— PENNSYLVANIA

MARY L. WHITE,

**V.**

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER:** 00-2466

TO:  Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA   15219-1905
Attention:  Richard B. Sandow, Esquire

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE   Jones, Gregg, Creehan & Gerace, LLP<br>411 Seventh Avenue, Suite 1200<br>Pittsburgh, PA   15219-1905 | DATE AND TIME<br>February 7, 2003<br>2:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>David Bloom    Attorney for Plaintiff | DATE<br><br>1/10/03 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire    Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies, Pittsburgh, PA   15219   (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on Reverse)

[1]  If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE 1/10/03 | PLACE 411 Seventh Avenue, Suite 1200 Pittsburgh, PA  15219-1905 |
|---|---|---|
| SERVED | | |
| Jones, Gregg, Creehan & Gerace, LLP | | Certified mail, return receipt requested |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| David S. Bloom, Esquire | | Attorney |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/10/03___
          DATE

SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA  15219

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to. lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books. papers. documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d)(2) of this rule. a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made. the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made. the party serving the subpoena may. upon notice to the person commanded to produce. move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in

person. except that. subject to the provisions of clause (c)(3)(B)(iii) of this rule. such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may. to protect a person subject to or affected by the subpoena. quash or modify the subpoena. or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents. communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

       Plaintiff,

  vs.

SHAYEN A. GEORGE, M.A.,

       Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:    JONES, GREGG, CREEHAN & GERACE, LLP**
**411 SEVENTH AVENUE, SUITE 1200**
**PITTSBURGH, PA 15219-1905**
**ATTN: RICHARD B. SANDOW, ESQUIRE**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set

forth in the Federal Rules of Civil Procedure and includes without limits on all written,

printed, recorded or graphic matter, photographic matter or sound reproductions,

however produced or reproduced, in the actual or constructive possession, custody,

care or control of the Defendant, his agents, employees, representatives and attorneys,

or any of them, and/or other third parties as designated herein, and whether or not now

in existence, including, but not limited to originals or copies (where originals are

unavailable or where the copy differs in any respect from the original) including, without

limiting the generality of the foregoing, letters, correspondence, notes, tapes,

microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and

of committee meetings, minutes of all other types of meetings, magnetic tapes,

computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails,

PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries,

analyses, reports, opinions, offerings, solicitations, and results of investigations.

Further, the words "Document" or "Documents" are intended to refer to any medium by

which information is recorded including "papers" of any kind or character, photographs

and any method or medium by which information is utilized by computers of any size or

devices which utilize computer processing chips and/or megabytes.

1. **All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS.**

2. **All documentation regarding the organization of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.**

3. **All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL· EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.**

4. **All documentation regarding the management and officers of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.**

5. **All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.**

6. **All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC, PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC, PSYCH SUPPORT SYSTEMS and PSYCHOLOGY SUPPORT SYSTEMS regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.**

4

### Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ——————— **DISTRICT OF** ——————— PENNSYLVANIA

MARY L. WHITE

**V.**

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   00-2466

TO:   Professional Employee Management Services, LLC
272 East Connelly Boulevard
Sharon, PA   16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE   272 East Connelly Boulevard, Sharon, PA   16146 | DATE AND TIME February 7, 2002 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     Attorney for Plaintiff | DATE 1/10/03 |
|---|---|

ISSUING OFFICER S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire   Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies, Pittsburgh, PA   15219   (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE 1/10/03 | PLACE | 272 East Connelly Boulevard<br>Sharon, PA  16146 |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME) Professional Employee Management Services, LLC

MANNER OF SERVICE Certified mail, return receipt requested

SERVED BY (PRINT NAME) David S. Bloom, Esquire

TITLE Attorney

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/10/03___
DATE

SIGNATURE OF SERVER

___428 Boulevard of the Allies___
ADDRESS OF SERVER

___Pittsburgh, PA  15219___

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to. lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books. papers. documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d)(2) of this rule. a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made. the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made. the party serving the subpoena may. upon notice to the person commanded to produce. move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in person. except that. subject to the provisions of clause (c)(3)(B)(iii) of this rule. such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may. to protect a person subject to or affected by the subpoena. quash or modify the subpoena. or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents. communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

        Plaintiff,

   vs.

SHAYEN A. GEORGE, M.A.,

        Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:**   **PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC
272 EAST CONNELLY BLVD.
SHARON, PA 16146**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1.   All documentation regarding the incorporation of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC.

2.   All documentation regarding the conducting of business of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC from 1999 to the present.

3.   All documentation of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC regarding sources of income from 1999 to the present.

4.   All documentation of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

5.   All documentation of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC regarding the management and officers of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC from 1999 to the present.

6.   All documentation of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.

7.   All documentation of PROFESSIONAL EMPLOYEE MANAGEMENT SERVICES, LLC regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

5

AO 83 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

WESTERN ———————— **DISTRICT OF** ———— PENNSYLVANIA

MARY L. WHITE

## V.

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   00-2466

TO:  Psychology Support Services, LLC
     272 East Connelly Boulevard
     Sharon, PA    16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| 272 East Connelly Boulevard, Sharon, PA    16146 | February 7, 2003 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David Bloom* [signature]    Attorney for Plaintiff | 1/10/03 |

ISSUING OFFICER S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire    Feldstein, Grinberg, Stein & McKee
                           428 Boulevard of the Allies, Pittsburgh, PA    15219   (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE 1/10/03 | PLACE 272 East Connelly Boulevard Sharon, PA 16146 |
|---|---|---|

SERVED
Psychology Support Services, LLC.

Certified mail return receipt requested

SERVED ON (PRINT NAME)     MANNER OF SERVICE

David S. Bloom, Esquire          Attorney
SERVED BY (PRINT NAME)     TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/10/03___
                    DATE

SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA  15219

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to. lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers. documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d)(2) of this rule. a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made. the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made. the party serving the subpoena may. upon notice to the person commanded to produce. move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in

person. except that. subject to the provisions of clause (c)(3)(B)(iii) of this rule. such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may. to protect a person subject to or affected by the subpoena. quash or modify the subpoena. or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents. communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

        Plaintiff,

   vs.

SHAYEN A. GEORGE, M.A.,

        Defendant.

CIVIL

CHIEF JUDGE ZIEGLER
MAGISTRATE JUDGE MITCHELL

Civil Action No.  00-2466

JURY TRIAL DEMANDED

## EXHIBIT "A" TO SUBPOENA

**To:**  **PSYCHOLOGY SUPPORT SERVICES, LLC
272 EAST CONNELLY BLVD.
SHARON, PA 16146**

## DOCUMENTS TO BE PRODUCED

The words "Document" or "Documents" are used in their customary broad sense as set forth in the Federal Rules of Civil Procedure and includes without limits on all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, in the actual or constructive possession, custody, care or control of the Defendant, his agents, employees, representatives and attorneys, or any of them, and/or other third parties as designated herein, and whether or not now in existence, including, but not limited to originals or copies (where originals are unavailable or where the copy differs in any respect from the original) including, without limiting the generality of the foregoing, letters, correspondence, notes, tapes, microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and of committee meetings, minutes of all other types of meetings, magnetic tapes, computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails, PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries,

analyses, reports, opinions, offerings, solicitations, and results of investigations.

Further, the words "Document" or "Documents" are intended to refer to any medium by

which information is recorded including "papers" of any kind or character, photographs

and any method or medium by which information is utilized by computers of any size or

devices which utilize computer processing chips and/or megabytes.

1.  All documentation regarding the incorporation of PSYCHOLOGY
     SUPPORT SERVICES, LLC.

2.  All documentation regarding the conducting of business of
     PSYCHOLOGY SUPPORT SERVICES, LLC from 1999 to the present.

3.  All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC
     regarding sources of income from 1999 to the present.

4.  All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC
     regarding sources of income from Associates in Counseling and
     Child Guidance, Inc. from 1999 to the present.

5.  All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC
     regarding the management and officers of PSYCHOLOGY SUPPORT
     SERVICES, LLC from 1999 to the present.

6.  All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC
     regarding trademark, servicemark and/or copyright applications,
     filings and/or claims from 1999 to the present.

7.  All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC
     regarding listings and/or advertisements in any electronic or printed
     media from 1999 to the present.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENAS** has been served via fax and first class U.S. Mail, postage pre-paid, this day of January 28, 2003, upon the following counsel of record:

Stanley M. Stein, Esquire
David Bloom, Esquire
Feldstein, Grinberg, Stein & McKee
428 Blvd. of the Allies
Pittsburgh, PA 15219

Richard B. Sandow, Esquire
Jones, Gregg, Creehan & Gerace
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      CIVIL ACTION NO.:  00-CV-2466
                                        )
SHAYEN A. GEORGE, M.A.,                 )      Judge Donald E. Ziegler
                                        )      Magistrate Judge Robert C. Mitchell
            Defendant.                  )

## ORDER OF COURT

        AND NOW, to wit, this _____ day of _____, 2003, upon consideration of

Defendant, Shayen A. George, M.A.'s Motion for Protective Order and Motion to Quash

Subpoenas, it is hereby ORDERED, ADJUDGED and DECREED that for good cause shown,

the same is GRANTED and the Subpoenas issued by the Plaintiff to Psych Support Systems,

Psychology Support Systems, Jones Gregg Creehan & Gerace, L.L.P., Professional Employee

Management Services, L.L.C. and Psychology Support Services, L.L.C. are quashed.


                                        _____J.

## LOCAL RULE 7.1 AND 37.1 CERTIFICATE

I, undersigned counsel for the Defendant, Shayen A. George, M.A., hereby certify to the Court that I have conferred and consulted with counsel for the Plaintiff with respect to the matters set forth in the attached Motion for Protective Order and Motion to Quash Subpoenas, and we have been unable to resolve the differences which exist. This conference took place via telephone on January 27, 2003.

Michael P. Robic II, Esquire