IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,

      Plaintiff,

v.

SHAYEN A. GEORGE, M.A.,

      Defendant,

and

PSYCHOLOGY SUPPORT SERVICES, LLC,

      Intervenor.

MAGISTRATE JUDGE HAY

NO. 00-2466

## MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH FILED ON BEHALF OF PSYCHOLOGY SUPPORT SERVICES, LLC AND JONES, GREGG, CREEHAN & GERACE, LLP

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Psychology Support Services, LLC and Jones, Gregg, Creehan & Gerace, LLP by and through their undersigned counsel, Jones, Gregg, Creehan & Gerace LLP, hereby respectfully move this Honorable Court to enter a Protective Order to prevent discovery of confidential business and financial information of Psychology Support Services, LLC ("PSS"), and in support thereof states as follows[1]:

---

[1]Psychology Support Services, LLC hereby incorporates the Motion for Protective Order and Motion to Quash filed by Shayen A. George as if fully set forth at length.

1.    On or about October 26, 2005, counsel for White served seven (7) Notices of Deposition and an accompanying Subpoena Duces Tecum in direct violation of numerous prior Orders of this Honorable Court.  True and correct copies of such Notices and Subpoenas are collectively attached hereto as Exhibit "A."

2.    In January of 2003, counsel for White served five (5) Subpoenas directed to PSS and George's law firm, Jones, Gregg, Creehan & Gerace, LLP.

3.    The subpoenas demanded production of the following documents:

   1.    All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SYSTEMS.

   2.    All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

   3.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding sources of income from 1999 to the present.

   4.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

   5.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding the management and officers of PSYCHOLOGY SUPPORT SYSTEMS from 1999 to the present.

   6.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding trademark, service mark and/or copyright applications, filings and claims from 999 to the present.

   7.    All documentation of PSYCHOLOGY SUPPORT SYSTEMS regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

4.     On January 28, 2003, the subjects of the subpoena, both PSS and Jones, Gregg, Creehan & Gerace, LLP, filed motions to both quash the subpoenas and for protective orders, true and correct copies of which are attached hereto as Exhibits "B" and "C."    Notably, PSS intervened for the sole purpose of quashing the Subpoena. The motions were brought on the bases that:

  1.     Information relating to PSS had nothing whatsoever to do with the issue in this case, an alleged oral agreement between White and George;

  2.     The discovery was sought only to assist White's competing agency, FCCS; and

  3.     The discovery sought privileged and confidential information.

5.     Simultaneously, on January 28, 2003, George filed a Motion for Protective Order and Motion to Quash Subpoenas, pointing out to the Court that PSS had a contract with Associates in Counseling and Child Guidance, Inc. (the "Clinic") to provide computer support services and that Stacy George, George's daughter, is the only manager of PSS.

6.     By Order of Court dated February 11, 2003, the Motion for Protective Order was granted in part and discovery regarding the business and finances of PSS was disallowed.  Accordingly, only document related to PSS's incorporation, names of all officers, trademark, and copyright filings and advertisements was permitted.  A true and correct copy of this Order is attached hereto as Exhibit "D."

7.     By Order dated March 20, 2003, the Honorable Arthur J. Schwab affirmed the Order of February 11, 2003.  A true and correct copy of the March 20, 2003 Order is attached hereto as Exhibit "E."

8.      Counsel for White abandoned his efforts to obtain any discovery relating to PSS.

9.      Despite the clear import of the February 11, 2003 Order and White's failure to appeal such Order, White, without notice to opposing counsel, served the following subpoenas:

> (a)    Stacey George (George's daughter) - seeking "all documents" regarding PSS.
>
> (b)    Libeg, Gargano, Bell & Associates (the Clinic's accountants) - "all financial documents, work papers, ledgers" regarding PSS.
>
> (c)    National City Bank (the Clinic's bank) - seeking information on all "account statements" of PSS.
>
> (d)    The Clinic - seeking essentially, any and all information possessed by the Clinic relating to PSS.
>
> (e)    Jones, Gregg, Creehan & Gerace (the Clinic's lawyers) - seeking documents relating to the establishment of PSS.

10.     PSS is a duly owned and operated Limited Liability Company that has no relationship whatsoever to the litigation between George and White.  As this Court has properly held in prior Orders, the information sought is irrelevant and the Protective Order was properly entered and affirmed by the District Court.

11.     Under the law of the case doctrine, the decisions of the prior Judges concerning this matter should not be altered but, instead, affirmed. The law of the case doctrine provides that "when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation." Deisler v. McCormack Aggregates Co., 54 F.3d 1074, 1087 (3d Cir. 1995) (citing Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).   The doctrine

was developed "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." Casey v. Planned Parenthood, 14 F.3d 848 (3d Cir. 1994) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Rules and Practice Procedure §4478 (1981)).   The rule applies "both to issues expressly decided by a court in prior rulings and to issues decided by necessary implication." Bolden v. Southeastern Pennsylvania Transportation Authority, 21 F.3d 29, 31 (3d Cir. 1994); *accord.* Koppers Company, Inc. v. Lloyd's of London, 993 F.Supp. 358 (W.D. Pa. 1998).

12.    In addition to the prior Order precluding information regarding PSS, as noted above, neither PSS nor Jones, Gregg, Creehan and Gerace, LLP are parties to this action.

13.    The documents which White is requesting seek confidential commercial and proprietary information of PSS.  FCCS directly competes with the Clinic, an entity to which PSS provides support services as a vendor.

14.    The only purpose for seeking PSS financial records is to use those records to benefit White's competing agency, FCCS. Indeed, the entire purpose for filing the federal lawsuit and seeking discovery of PSS financial and commercial documents is to obtain this financial information to benefit FCCS in the marketplace.

15.    The document request requires disclosures of confidential research, development and commercial information.

16.    The Courts have the power to grant confidentiality orders over material not on file with the court that a district court retains the power to modify or lift confidentiality

orders that it has entered.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 n. 19 (1984);  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 784-85 (3d. Cir 1994).

17.    Similarly, Fed.R.Civ.P. 26(c)(7) permits "a party" or "person from whom discovery is sought" to move the court for a protective order and provides that "for good cause shown," the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense including . . . that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way . . . ." Thus, the power to grant confidentiality orders is not unlimited and such orders should not be granted arbitrarily.  Lee v. A.R.T. Studio Clay Company, Inc., 2001 WL 503393 (E.D. Pa. 2001).

18.    The documents sought are not reasonably calculated to lead to admissible evidence in this litigation.  To the contrary, the financial records are being sought only for the illegitimate purposes of giving FCCS a competitive advantage in the market place.

19.    The document requests are not limited in time and seek every financial and corporate record of PSS. Therefore, the requests are overbroad and should be stricken.

20.    The records requested seek privileged attorney work-product materials, attorney/client protected materials, accountant/client privilege materials and materials prepared in anticipation of litigation in the various lawsuits between George and White, which are currently before the Court of Common Pleas of Mercer County, and scheduled for Trial in January, 2006.

21.    As a mental health clinic support provider, PSS financial and business records have absolutely no relevance to the litigation between White and George.

22.    This Motion for Protective Order and Motion to Quash constitute objections to the Subpoenas issued pursuant to Federal Rules of Civil Procedure 45(c)(2)(B).

WHEREFORE, Psychology Support Services, LLC, hereby respectfully requests that this Court enter a Protective Order precluding discovery of any financial and commercial information relating to Psychology Support Services, LLC, as previously ordered by this Court on February 11, 2003.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
        RICHARD B. SANDOW
        PA ID #30914

        JOHN P. CORCORAN, JR.
        PA ID # 74906

        411 SEVENTH AVENUE, SUITE 1200
        PITTSBURGH, PA  15219-1905
        (412) 261-6400

        COUNSEL FOR PSYCHOLOGY SUPPORT SERVICES, LLC, AND ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | Civil Action No. 00-CV-2466 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Amy R. Hay |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A. | ) | |
| | ) | |
| Defendant. | ) | |

## LOCAL RULE 7.1 AND 37.1 CERTIFICATE

I, undersigned counsel for Defendant and Intervenor, hereby certify that I have

consulted with counsel for the Plaintiff as reflected in his correspondence to the Court

dated November 3, 2005, and attached to the within motion as Exhibit I.

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
        JOHN P. CORCORAN, JR., ESQ.
        PA. I.D. NO. 74906

        411 SEVENTH AVENUE
        SUITE 1200
        PITTSBURGH, PA  15219-1905
        (412) 261-6400

        ATTORNEYS FOR DEFENDANT,
        SHAYEN GEORGE, AND
        INTERVENOR, PSYCHOLOGY
        SUPPORT SERVICES, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                           )        CIVIL ACTION NO. 00-2466
                                         )
                    Plaintiff,           )
                                         )
        v.                               )
                                         )
SHAYEN A. GEORGE, M.A.,                  )
                                         )
                    Defendant.           )

### NOTICE OF DEPOSITION OF STACY GEORGE

To:    Stacy George
       c/o Associates in Counseling and Child Guidance, Inc.
       272 East Connolly Boulevard
       Sharon, PA 16146

       **TAKE NOTICE** that the deposition of Stacy George, will be taken before a Notary

Public on **November 14, 2005, beginning at 11:30 a.m.** at the offices of Feldstein Grinberg

Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

       All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                                   FELDSTEIN GRINBERG STEIN & McKEE

                        By:        _Stanley M. Stein_
                                   Stanley M. Stein, Esquire
                                   Attorney for Plaintiff, Mary White

{00345187.1}                              1

**EXHIBIT**

**A**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition of Stacy George was served via First Class, U.S. Mail, postage prepaid, this 26th day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

{00345187.1}

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA _____

Mary L. White

     V.

Shayen A. George

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   00-2466

TO: Stacy George
    c/o Associates in Counseling and Child Guidance, Inc.
    272 East Connolly Boulevard
    Sharon, PA 16146

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 11:30 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See attached Exhibit A.

| PLACE  Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME<br>11/14/05 - 11:30 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_Stanley M._   Attorney for Plaintiff | DATE<br>10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219        (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                        SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**<u>Exhibit A</u>**

1.    Any and all documents in your possession regarding Professional

Employee Management Services, LLC and/or Psychology Support Services, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF LIBEG, GARGANO, BELL & ASSOCIATES

To:    Custodian of Records
       Libeg, Gargano, Bell & Associates
       3110 Highland Road
       Hermitage, PA 16148

       **TAKE NOTICE** that the deposition of the Custodian of Records of Libeg, Gargano, Bell & Associates, will be taken before a Notary Public on **November 14, 2005, beginning at 2:30 p.m.** at the offices of Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

       All of said topics are relevant to the subject matter involved in this action and none of them are privileged. This deposition will continue from day to day until completed and you are required to attend and participate in this deposition.

                                        FELDSTEIN GRINBERG STEIN & McKEE

                              By:    _Stanley M. Stein_

                                        Stanley M. Stein, Esquire
                                        Attorney for Plaintiff, Mary White

{00345189.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of the Custodian of Libeg, Gargano, Bell & Associates was served via First Class, U.S.

Mail, postage prepaid, this 26 day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN                                  DISTRICT OF    PENNSYLVANIA

Mary L. White

v.                                       **SUBPOENA IN A CIVIL CASE**

Shayen A. George
                                         Case Number:[1]    00-2466

TO:   Custodian of Records
      Libeg, Gargano, Bell & Associates
      3110 Highland Road
      Hermitage, PA 16148

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Feldstein Grinberg Stein & McKee  428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME  11/14/05 - 2:30 p.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      See attached Exhibit A.

| PLACE   Feldstein Grinberg Stein & McKee  428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME  11/14/05 - 2:30 p.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_               Attorney for Plaintiff | 10/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219              (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**Exhibit A**

1.    Any and all financial documents, work papers, ledgers, or any other document of whatever kind or nature regarding Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF NATIONAL CITY BANK

To:    Custodian of Records
       National City Bank
       66 East State Street
       Sharon, PA 16146

**TAKE NOTICE** that the deposition of the Custodian of Records of National City Bank,

will be taken before a Notary Public on **November 14, 2005, beginning at 1:30 p.m.** at the

offices of Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA

15219.

All of said topics are relevant to the subject matter involved in this action and none of

them are privileged. This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

FELDSTEIN GRINBERG STEIN & McKEE

By:    *Stanley M. Stein*
       Stanley M. Stein, Esquire
       Attorney for Plaintiff, Mary White

{00345188.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of the Custodian of Records of National City Bank was served via First Class, U.S. Mail,

postage prepaid, this 26 day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

{00345188.1}

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

| Mary L. White | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| Shayen A. George | Case Number:[1]    00-2466 |

TO:  National City Bank/Custodian of Records
     66 East State Street
     Sharon, PA 16146

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Feldstein Grinberg Stein & McKee | DATE AND TIME |
|---|---|
| 428 Boulevard of the Allies, Pittsburgh, PA 15219 | 11/14/05 - 1:30 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

  See attached Exhibit A.

| PLACE   Feldstein Grinberg Stein & McKee | DATE AND TIME |
|---|---|
| 428 Boulevard of the Allies, Pittsburgh, PA 15219 | 11/14/05 - 1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Stanley M. Stein*    Attorney for Plaintiff | 10/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219         (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                      SIGNATURE OF SERVER

                                                                  _____
                                                                  ADDRESS OF SERVER

                                                                  _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit A

1.    Any and all checking and other account statements, signature cards and other records relating to any accounts held in the name of Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION OF EXECUTIVE DIRECTOR AND/OR CUSTODIAN OF
RECORDS OF ASSOCIATES IN COUNSELING AND CHILD GUIDANCE**

To:    Executive Director and/or Custodian of Records
       c/o Associates in Counseling and Child Guidance, Inc.
       272 East Connelly Boulevard
       Sharon, PA 16146

       **TAKE NOTICE** that the deposition of the Executive Director and/or Custodian of

Records of Associates in Counseling and Child Guidance, Inc., will be taken before a Notary

Public on **November 14, 2005, beginning at 9:30 a.m.** at the offices of Feldstein Grinberg Stein

& McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

       All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

                              FELDSTEIN GRINBERG STEIN & McKEE

                    By:    _____
                           Stanley M. Stein, Esquire
                           Attorney for Plaintiff, Mary White

{00345183.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Executive Director and/or Custodian of Records of Associates in Counseling and Child

Guidance, Inc. was served via First Class, U.S. Mail, postage prepaid, this _____ day of

October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA

Mary L. White

V.

Shayen A. George

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    00-2466

TO:   Associates in Counseling and Child Guidance, Inc.
c/o Executive Director and/or Custodian of Records
272 East Connelly Boulevard
Sharon, PA 16146

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pgh., PA 15219 | DATE AND TIME<br>11/14/05 - 9:30 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE     Feldstein Grinberg Stein & McKee<br>428 Boulevard of the Allies, Pgh., PA 15219 | DATE AND TIME<br>11/14/05 - 9:30 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_(signature)_     Attorney for Plaintiff | DATE<br>10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER     Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219     (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                    SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mumndemanding party to contest the claim.

## Exhibit A

1.    All documents regarding any payments from Associates in Counseling and

Child Guidance (ACCG) to Professional Employee Management Services, LLC and/or

Psychology Support Services, LLC, including:

(a)    all invoices received by ACCG from either Professional Employee
Management Services, LLC and/or Psychology Support Services, LLC;

(b)    all checks evidencing payment by ACCG to Professional Employee
Management Services, LLC and/or Psychology Support Services, LLC;

(c)    any contracts between ACCG and Professional Employee
Management Services, LLC and/or Psychology Support Services, LLC;

(d)    all documents evidencing any and all service or product provided
by Professional Employee Management Services, LLC and/or Psychology Support
Services, LLC, to ACCG.

2.    All minutes of the ACCG Board of Directors referring to or concerning

Professional Employee Management Services, LLC and/or Psychology Support

Services, LLC.

3.    All documents submitted to and/or reviewed by the members of the Board

of Directors of ACCG regarding Professional Employee Management Services, LLC

and/or Psychology Support Services, LLC.

4.    All minutes of the Board of Directors of ACCG regarding compensation

determinations for Shayen A. George, including all minutes related to the establishment

by the ACCG Board of Directors of Shayen A. George's salary for the years 2000, 2001,

2002, 2003, 2004, 2005 and 2006, if any.

5.    Form 990 Tax Return for Associates in Counseling and Child Guidance,

Inc., for the year 2004.

{00345163.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF JONES, GREGG, CREEHAN & GERACE

To:    Jones, Gregg, Creehan & Gerace
       411 Seventh Avenue
       Suite 1200
       Pittsburgh, PA 15219


**TAKE NOTICE** that the deposition of Jones, Gregg, Creehan & Gerace, will be taken

before a Notary Public on **November 14, 2005, beginning at 10:30 a.m.** at the offices of

Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

All of said topics are relevant to the subject matter involved in this action and none of

them are privileged.  This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

FELDSTEIN GRINBERG STEIN & McKEE

By:    _Stanley M. Stein_
       Stanley M. Stein, Esquire
       Attorney for Plaintiff, Mary White

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Jones, Gregg, Creehan & Gerace was served via First Class, U.S. Mail, postage

prepaid, this _26_ day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

{00345184.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY L. WHITE, | ) | CIVIL ACTION NO. 00-2466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAYEN A. GEORGE, M.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF SHAYEN A. GEORGE

To:  Shayen A. George
     c/o John P. Corcoran, Jr., Esquire
     Jones, Gregg, Creehan & Gerace
     411 Seventh Avenue, Suite 1200
     Pittsburgh, PA 15219-1905

**TAKE NOTICE** that the deposition of Shayen A. George, will be taken before a Notary

Public on **November 17, 2005, beginning at 9:30 a.m.** at the offices of Feldstein Grinberg Stein

& McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

All of said topics are relevant to the subject matter involved in this action and none of

them are privileged. This deposition will continue from day to day until completed and you are

required to attend and participate in this deposition.

FELDSTEIN GRINBERG STEIN & McKEE

By:  _Stanley M. Stein_
     Stanley M. Stein, Esquire
     Attorney for Plaintiff, Mary White

{00345149.1}

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Shayen A. George was served via First Class, U.S. Mail, postage prepaid, this 26ᵗʰ

day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222

Stanley M. Stein

{00345149.1}

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ PENNSYLVANIA _____

Mary L. White

V.

Shayen A. George

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    00-2466

TO: Jones, Gregg, Creehan & Gerace
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Feldstein Grinberg Stein & McKee    428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME    11/14/05 - 10:30 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE    Feldstein Grinberg Stein & McKee    428 Boulevard of the Allies, Pittsburgh, PA 15219 | DATE AND TIME    11/14/05 - 10:30 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE    10/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stanley M. Stein, Esquire, Feldstein Grinberg Stein & McKee
428 Boulevard of the Allies, Pittsburgh, PA 15219    (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Exhibit A

1.    All unprivileged documents related to the establishment and organization of Professional Employee Management Services, LLC and/or Psychology Support Services, LLC.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mrundemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                    )        CIVIL ACTION NO. 00-2466
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )
SHAYEN A. GEORGE, M.A.,           )
                                  )
            Defendant.            )

## NOTICE OF DEPOSITION OF THOMAS R. GEORGE

To:    Thomas R. George
       2515 Elkridge Drive
       Wexford, PA 15090

**TAKE NOTICE** that the deposition of the Custodian of Records of Libeg, Gargano, Bell & Associates, will be taken before a Notary Public on **November 18, 2005, beginning at 9:00 a.m.** at the offices of Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies, Pittsburgh, PA 15219.

All of said topics are relevant to the subject matter involved in this action and none of them are privileged. This deposition will continue from day to day until completed and you are required to attend and participate in this deposition.

                            FELDSTEIN GRINBERG STEIN & McKEE

                            By: _____
                                Stanley M. Stein, Esquire
                                Attorney for Plaintiff, Mary White

{00345191.1}                        1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition

of Thomas R. George was served via First Class, U.S. Mail, postage prepaid, this _26_ᵗʰ

day of October, 2005, upon the following:

John P. Corcoran, Jr., Esquire
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219-1905

Brian T. Must, Esquire
Metz Lewis
11 Stanwix Street
Pittsburgh, PA 15222


Stanley M. Stein

{00345191.1}

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ **DISTRICT OF** PENNSYLVANIA

| | |
|---|---|
| Mary L. White | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| Shayen A. George | Case Number:[1]    00-2466 |

TO:  Thomas R. George
     2515 Elkridge Drive
     Wexford, PA 15090

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Feldstein Grinberg Stein & McKee  428 Boulevard of the Pittsburgh, PA 15219 | DATE AND TIME  11/18/05 - 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiff | 10/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   Stanley M. Stein, Esquire
Feldstein Grinberg Stein & McKee, 428 Boulevard of the Allies
Pittsburgh, PA 15219                    (412) 263-6111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                          JUDGE SCHWAB
                                        MAGISTRATE JUDGE MITCHELL
          Plaintiff,

vs.                                     CIVIL ACTION NO:
                                        NO: 00-2466
SHAYEN A. GEORGE, M.A.,

          Defendant,

PSYCHOLOGY SUPPORT SERVICES, LLC,

          Intervenor.

## MOTION FOR ORDER QUASHING SUBPOENAS DIRECTED TO PSYCHOLOGY SUPPORT SERVICES, LLC AND JONES, GREGG, CREEHAN & GERACE, LLP FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Psychology Support Services, LLC and Jones, Gregg, Creehan & Gerace, LLP by and through their undersigned counsel, Jones, Gregg, Creehan & Gerace, LLP, hereby respectfully move this Honorable Court to enter an order quashing the Subpoenas served upon Psychology Support Services, LLC and Jones, Gregg, Creehan & Gerace, LLP by the Plaintiff, Mary L. White, and in support thereof states as follows[1]:

1.   The Plaintiff, Mary L. White ("White"), served Subpoenas upon the following non-parties pursuant to Federal Rule of Civil Procedure 45:

          a)   Psychology    Support    Services,    LLC
               (Subpoena attached hereto as Exhibit
               "A"); and

---

[1]Psychology Support Services hereby incorporate its Motion for Protective Order and Brief in Support of Motion to Quash as if fully set forth herein at length.

1

EXHIBIT

B

b)  Jones, Gregg, Creehan & Gerace, LLP[2]
    (Subpoena attached hereto as Exhibit
    "B").

3.  Psychology Support Services, LLC provides support services for mental health clinics that provide psychological care and treatment to at-risk children.

4.  The document requests attached to the Subpoenas directed to Psychology Support Services, LLC and Jones, Gregg Creehan & Gerace, LLP request the following documents be produced relative to Psychology Support Services, LLC:

(1)  All documentation regarding the incorporation of Psychology Support Services;

(2)  All documentation regarding the organization of Psychology Support Services from 1999 to the present;

(3)  All documentation regarding the conducting of business of Psychology Support Services from 1999 to the present;

(4)  All documentation regarding the management and officers of Psychology Support Services from 1999 to the present;

(5)  All documentation of Psychology Support Systems, LLC regarding trademark, service mark and/or copyright applications, filings and/or claims from 1999 to the present;  and

(6)  All documentation of Psychology Support Services, LLC, regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

---

[2] White also served Subpoenas upon Professional Employee Management Services, LLC; Psych Support Systems; and Psychology Support Systems.  These entities do not exist at this time.  To the extent, that these were previous names registered for Psychology Support Services, LLC, all records are in the possession of Psychology Support Services, LLC.

6.    Neither Psychology Support Services, LLC nor Jones, Gregg, Creehan and Gerace, LLP are parties to this action.

7.    White has formed and currently operates a mental health agency known as the Family Counseling and Children's Services (hereinafter "FCCS").

8.    FCCS directly competes with Associate in Counseling and Child Guidance ("ACCG") an entity to which Psychology Support Services, LLC provides support services.

9.    The documents which White is requesting seek confidential commercial and proprietary information of ACCG and Psychology Support Services, LLC.

10.    The only purpose for seeking Psychology Support Services financial records is to use those records to benefit White's competing agency, FCCS. Indeed, the entire purpose for filing the federal lawsuit and seeking discovery of ACCG and Psychology Support Services financial documents is to obtain this financial information to benefit FCCS in the marketplace.

11.    A non-party resisting a Subpoena Duces Tecum may challenge the relevance of material sought to the underlying action. Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335 (N.D. Cal. 1995); Composition Roofing Union, Local 30, Welfare Trust Fund v. Gravely Roofing Enterprises, Inc., 160 F.R.D. 70, 73 (E.D. Pa. 1995); Hunter v. Hefferman, 1996 WL 363842 *1 n.1 (E.D. Pa. 1996).

12.    The standards for non-party discovery require a stronger showing of relevance than for party discovery. In fact, heightened protection is warranted when a non-party is subject to

3

a subpoena.   In re:  Letters Rogatory issued by the National Court, 144 F.R.D. 272 (E.D. Pa. 1992).

13.  The documents sought are not reasonably calculated to lead to admissible evidence in this litigation.  To the contrary, the financial and confidential corporate records are being sought only to utilize that financial information and confidential patient information for the purposes of competing with ACCG and Psychology Support Services, LLC.

14.  The crux of White's Complaint in a breach of oral contract for continued employment with ACCG, a non-profit corporation. (White Comp. at ¶139).

15.  Psychology Support Services, LLC is an independent entity with no relationship to the "oral" contract between the parties as claimed by White.

16.  The Court of Common Pleas of Mercer County has precluded White from obtaining this confidential commercial information, because of White's intent to misuse this information.

17.  The document requests are not limited in time and seek every financial and corporate record of Psychology Support Services, LLC and constitute a "fishing expedition" into ones unrelated to her claims. Therefore, the requests are overbroad and should be stricken.

18.  The records requested seek privileged attorney/work product materials, attorney/client protected materials and materials prepared in anticipation of litigation in other the

4

various lawsuits between ACCG and White currently before the Court of Common Pleas of Mercer County.

19. The records sought by the Subpoena are wholly irrelevant to the issues in this action, in that Psychology Support Services corporate and financial records are not at issue in the instant case. To the contrary, this is a breach of contract action between White and George.

20. As a provider of mental health support services, these corporate records have absolutely no relevance to the litigation between White and George.

21. The Subpoenas require disclosure of trade secrets and confidential commercial information which is irrelevant to the litigation in the federal courts.

22. The documents sought by the Subpoenas are records of Psychology Support Services, LLC which include trade secrets and confidential commercial and client information of ACCG. Thus, under no circumstances can Jones, Gregg, Creehan & Gerace, LLP disclose this information to competitors and to the public.

23. This Motion to Quash and the contemporaneously filed Motion for Protective Order constitutes objections to the Subpoenas issued pursuant to Federal Rules of Civil Procedure 45(c)(2)(B).

WHEREFORE, Psychology Support Services, LLC and Associates in Counseling and Child Guidance, Inc. hereby respectfully request that the Subpoenas directed to Psychology Support Services, LLC and Jones, Gregg, Creehan and Gerace, LLP be Quashed, and a Protective Order be entered preventing any

5

discovery of Psychology Support Services, LLC's financial and corporate records and information.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
RICHARD B. SANDOW
PA ID #30914

JOHN P. CORCORAN, JR.,
PA ID # 74906

JONES, GREGG, CREEHAN & GERACE, LLP
411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219-1905
(412) 261-6400

COUNSEL FOR PSYCHOLOGY SUPPORT
SERVICES, LLC and ASSOCIATES IN
COUNSELING AND CHILD GUIDANCE, INC.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

EXHIBIT

A

## Issued by the
## UNITED STATES DISTRICT COURT

___WESTERN___ ─────── **DISTRICT OF** ─────── ___PENNSYLVANIA___

MARY L. WHITE

### V.

SHAYEN A. GEORGE, M.A.

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER:** [1]    00-2466

TO:    Psychology Support Services, LLC
       272 East Connelly Boulevard
       Sharon, PA    16146

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| 272 East Connelly Boulevard, Sharon, PA    16146 | February 7, 2003 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David S. Bloom*    Attorney for Plaintiff | 1/10/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire    Feldstein, Grinberg, Stein & McKee
                428 Boulevard of the Allies, Pittsburgh, PA    15219    (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 1/10/03 | PLACE 272 East Connelly Boulevard Sharon, PA 16146 |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) Psychology Support Services, LLC | MANNER OF SERVICE Certified mail, return receipt requested |
|---|---|

| SERVED BY (PRINT NAME) David S. Bloom, Esquire | TITLE Attorney |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/10/03_____
DATE

_____David S Bloom_____
SIGNATURE OF SERVER

428 Boulevard of the Allies
ADDRESS OF SERVER

Pittsburgh, PA 15219

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. WHITE,                                    CIVIL

        Plaintiff,                                CHIEF JUDGE ZIEGLER
                                                  MAGISTRATE JUDGE MITCHELL
   vs.
                                                  Civil Action No.  00-2466
SHAYEN A. GEORGE, M.A.,
                                                  JURY TRIAL DEMANDED
        Defendant.


<u>EXHIBIT "A" TO SUBPOENA</u>

To:   **PSYCHOLOGY SUPPORT SERVICES, LLC
      272 EAST CONNELLY BLVD.
      SHARON, PA 16146**


<u>DOCUMENTS TO BE PRODUCED</u>

The words "Document" or "Documents" are used in their customary broad sense as set

forth in the Federal Rules of Civil Procedure and includes without limits on all written,

printed, recorded or graphic matter, photographic matter or sound reproductions,

however produced or reproduced, in the actual or constructive possession, custody,

care or control of the Defendant, his agents, employees, representatives and attorneys,

or any of them, and/or other third parties as designated herein, and whether or not now

in existence, including, but not limited to originals or copies (where originals are

unavailable or where the copy differs in any respect from the original) including, without

limiting the generality of the foregoing, letters, correspondence, notes, tapes,

microfilms, telegrams, notes and sound recordings, minutes of directors' meetings and

of committee meetings, minutes of all other types of meetings, magnetic tapes,

computer discs of any size, CDs, computer hard drives, Internet accounts, e-mails,

PDAs (personal digital assistants or handheld computers), network or computer

servers, memoranda of all types, inter-office communications, studies, summaries, analyses, reports, opinions, offerings, solicitations, and results of investigations. Further, the words "Document" or "Documents" are intended to refer to any medium by which information is recorded including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers of any size or devices which utilize computer processing chips and/or megabytes.

1. All documentation regarding the incorporation of PSYCHOLOGY SUPPORT SERVICES, LLC.

2. All documentation regarding the conducting of business of PSYCHOLOGY SUPPORT SERVICES, LLC from 1999 to the present.

3. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding sources of income from 1999 to the present.

4. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding sources of income from Associates in Counseling and Child Guidance, Inc. from 1999 to the present.

5. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding the management and officers of PSYCHOLOGY SUPPORT SERVICES, LLC from 1999 to the present.

6. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding trademark, servicemark and/or copyright applications, filings and/or claims from 1999 to the present.

7. All documentation of PSYCHOLOGY SUPPORT SERVICES, LLC regarding listings and/or advertisements in any electronic or printed media from 1999 to the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

EXHIBIT

B

## Issued by the
## UNITED STATES DISTRICT COURT

WESTERN ——— **DISTRICT OF** ——— PENNSYLVANIA

MARY L. WHITE,

**V.**

SHAYEN A. GEORGE, M.A.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: ¹ 00-2466

TO:  Jones, Gregg, Creehan & Gerace, LLP
     411 Seventh Avenue, Suite 1200
     Pittsburgh, PA  15219-1905
     Attention:  Richard B. Sandow, Esquire

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A."

| PLACE  Jones, Gregg, Creehan & Gerace, LLP<br>411 Seventh Avenue, Suite 1200<br>Pittsburgh, PA  15219-1905 | DATE AND TIME<br>February 7, 2003<br>2:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *David Bloom*  Attorney for Plaintiff | DATE  1/10/03 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Bloom, Esquire    Feldstein, Grinberg, Stein & McKee
                           428 Boulevard of the Allies, Pittsburgh, PA  15219  (412) 263-6105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.