IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. WHITE, | CIVIL ACTION NO. 00-CV-2466 |
| Plaintiff, | MAGISTRATE JUDGE AMY R. HAY |
| v. | |
| SHAYEN A. GEORGE, M.A. | |
| Defendant. | |

### RESPONSE TO MOTION TO COMPEL REQUESTING A MOTION FOR STAY OF ACCG-RELATED DISCOVERY PENDING DECISION OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT ON MOTION TO STAY ISSUANCE OF MANDATE PENDING APPLICATION TO THE UNITED STATES SUPREME COURT FOR WRIT OF CERTIORARI

AND NOW, come Associates in Counseling and Child Guidance, Inc. ("ACCG") and Shayen A. George ("George"), by and through their counsel, John P. Corcoran, Jr., Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and files the following Response to Motion to Compel Requesting a Motion for Stay of ACCG-Related Discovery Pending Decision of the United States Court of Appeals for the Third Circuit on Motion to Stay Issuance of Mandate Pending Application to the United States Supreme Court for Writ of Certiorari, and in support thereof state as follows:

1. Plaintiff, Mary L. White ("White"), served Subpoenas upon the following non-parties pursuant to F.R.Civ.P. 45:

    (a)    ACCG;

    (b)    Richard J. Gold, Esquire;

    (c)    McGill, Power, Bell, & Associates, LLP; and

      (d)    Black, Bashor & Porsch, LLP.

2.    The Subpoenas are overbroad requests for all financial and clinic related documents of ACCG, a third party in this action.

3.    The Subpoenas contain facially overbroad document requests with no limitations as to scope, content, or time regarding ACCG. For example, the Subpoenas request:

      (a)    All documentation produced, utilized, and/or regarding the incorporation, the conducting of business of Associates in Counseling and Child Guidance, Inc.; and

      (b)    All financial documentation of Associates in Counseling and Child Guidance, Inc.

4.    On August 27, 2002, counsel for ACCG filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit.

5.    On October 11, 2005, the United States Court of Appeals for the Third Circuit denied the appeal on jurisdictional grounds.

6.    ACCG filed a Motion to Stay Issuance of Mandate Pending Application to the United States Supreme Court for Writ of Certiorari Pursuant 28 U.S.C. §2101(f) and F.R.A.P. 41(d)(2). (A copy of which is attached hereto as Exhibit "A" and incorporated herein).

7.    The issuance of a mandate by the United States Court of Appeals for the Third Circuit has been halted pending a determination on the above-referenced Motion.

8.    One of the primary bases for the Petition for Mandate is the question of critical importance to the United States Supreme Court, to wit: the necessity for universal and consistent application of the *Perlman* Doctrine, thereby permitting the

right to immediate review of Discovery Orders addressed to non-parties without the necessity of contempt findings.

9. On or about October 27, 2005, White filed a Motion to Compel requesting the documents set forth in the Orders which have been appealed to the United States Court of Appeals for the Third Circuit.

10. As set forth herein below, the requirement that the documents be produced prior to the completion of the appellate stages will substantially prejudice ACCG and render moot the significant issues which are being appealed to the United States Supreme Court.

11. There will be no prejudice to either party awaiting disposition to the United States Court of Appeals for the Third Circuit and reserving this issue being adjudicated by the United States Supreme Court, especially given that the litigation in the four (4) State Court cases is scheduled for Trial in January, 2006.

12. As a result of this Trial in January, 2006, certain issues in the Federal Court case may be resolved, via determinations that will have *res judicata* effect upon the Court and may limit some of the discovery issues before the Federal Court. Therefore, a stay until the end of the State Court Trial will enable discovery issues to be addressed with respect to the State Court verdict.

## THE APPEAL TO THE UNITED STATES SUPREME COURT WILL BE RENDERED MOOT IF A STAY IS DENIED

13. Whether directed to a party or a nonparty, discovery orders to produce protected or privileged material may be effectively unreviewable after disposition of the underlying case. This is so because the information has already entered the public domain. See Ford Motor Co., 110 F.3d 954, 961-64 (3d Cir. 1997). *Also see* the

Honorable Judge Donald Zeigler's grant of a stay pending appeal in In Re: Flat Glass Antitrust Litigation, Western District Case No 97-MC 550 (Document No. 381), in part based upon the discovery dispute being rendered moot.

14. Moreover, if the Court does not grant a stay and waits to review those claims until the parties obtain a final judgment, we may not be able to "remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials. At best . . . an appellate court could send the case back for re-trial without use of the protected materials. At that point, however, the cat is already out of the bag." Ford Motor Co., 110 F.3d at 963. Thus, a stay is proper in this case.

15. The Third Circuit is currently reviewing whether a stay is permissible based on the jurisdictional issue of whether the Discovery Order is appealable under Perlman.

16. The disclosure of records pursuant to the Subpoenas will render the appeal moot.

### ACCG WILL SUFFER IRREPARABLE HARMED IF A STAY IS DENIED

17. White's only purpose for seeking ACCG's financial and clinic records is to use the information contained in those records to benefit White's competing agency, Family Counseling and Children's Services (FCCS"). Therefore, there is no legitimate purpose for seeking discovery of ACCG financial documents.

18. ACCG is a mental health Clinic and access to its confidential financial and other corporate records is substantially detrimental to the public.

19. The document requests are not limited in time and seek every financial record of ACCG, which includes thousands of documents. Therefore, the requests are overbroad and should be stricken.

20. The documents sought by the Subpoenas are records of ACCG which include trade secrets and confidential commercial and client information of ACCG. Thus, under no circumstances should any financial information of ACCG be disclosed to the public.

21. The information sought by White is highly sensitive confidential financial information and confidential patient information and such information is protected both by statutory and common law protections. Indeed, there is an absolute confidentiality privilege created by the Pennsylvania Mental Health Procedures Act (MHPA), covering documents related to the treatment of mental health problems, which is held by the patient. Pearson v. Miller, 211 F.3d 57 (3d Cir. 2000).

22. The document request tendered by White requires disclosures of confidential research, development and commercial information.

23. Mary White operates Family Counseling and Children's Services, Inc. which is an agency that **directly competes** with ACCG. Therefore, she is seeking this information solely for the purpose of utilizing this information to gain a competitive advantage in the marketplace.

WHEREFORE, Associates in Counseling and Child Guidance hereby respectfully request that this Court enter a Stay Order precluding discovery of any financial and

commercial information relating to Associates in Counseling and Child Guidance, Inc. pending a Final Order of the United States Court of Appeals for the Third Circuit.

        Respectfully submitted,

        JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
      JOHN P. CORCORAN, JR., ESQUIRE
      PA ID # 74906

      JONES, GREGG, CREEHAN & GERACE, LLP
      411 SEVENTH AVENUE, SUITE 1200
      PITTSBURGH, PA  15219-1905
      (412) 261-6400

      COUNSEL FOR ASSOCIATES IN
      COUNSELING AND CHILD GUIDANCE, INC.
      AND SHAYEN A. GEORGE

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing **RESPONSE TO MOTION TO COMPEL REQUESTING A MOTION FOR STAY OF ACCG-RELATED DISCOVERY PENDING DECISION OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT ON MOTION TO STAY ISSUANCE OF MANDATE PENDING APPLICATION TO THE UNITED STATES SUPREME COURT FOR WRIT OF CERTIORARI** has been served, via First-Class U.S. Mail Delivery, this 23rd day of November, 2005, upon the following counsel of record:

STANLEY M. STEIN, ESQUIRE
FELDSTEIN, GRINBERG, STEIN & MCKEE
428 BOULEVARD OF THE ALLIES
PITTSBURGH, PA  15219

STEVEN PETRIKIS, ESQUIRE
METZ SCHERMER & LEWIS, LLC
11 STANWIX STREET
PITTSBURGH, PA 15222

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE
PA ID # 74906

JONES, GREGG, CREEHAN & GERACE, LLP
411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA  15219-1905
(412) 261-6400

COUNSEL FOR ASSOCIATES IN
COUNSELING AND CHILD GUIDANCE, INC.
AND SHAYEN A. GEORGE