IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

DOCKET NO. 02-3425

ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC.
AND SHAYEN A. GEORGE, M.A.,

Appellants,

v.

MARY L. WHITE,

Appellee.

**APPELLANTS' MOTION TO STAY ISSUANCE OF MANDATE PENDING APPLICATION TO THE UNITED STATES SUPREME COURT FOR WRIT OF CERTIORARI PURSUANT TO 28 U.S.C. § 2101(f) and F.R.A.P. 41 (d)(2)**

Appeal from the Order of the United States District Court
For the Western District of Pennsylvania, dated August 5, 2002
Civil Action No. 02-3425
The Honorable Donald E. Ziegler

JOHN P. CORCORAN, JR.
PA. I.D. NO. 74906

JONES, GREGG, CREEHAN & GERACE, LLP
411 SEVENTH AVENUE
SUITE 1200
PITTSBURGH, PA 15219-1905
(412) 261-6400

ATTORNEY FOR APPELLANTS,
ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC. AND SHAYEN A. GEORGE, M.A.

Exhibit A

AND NOW, come the Appellants, Shayen A. George, M.A. and Associates in Counseling and Child Guidance, Inc. ("Appellants"), by and through their undersigned counsel, John P. Corcoran, Jr., Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and respectfully moves this Honorable Court to enter an Order staying the issuance of a mandate in the above entitled appeal pending application to the United States Supreme Court for Writ of Certiorari and in support thereof state as follows:

## STATEMENT OF COUNSEL

As counsel for the above named Appellants, I respectfully move this Court for an Order staying the issuance of a mandate. Application to the Supreme Court of the United States for a Writ of Certiorari will be presented in good faith and in a timely manner. Such application will not be frivolous nor filed merely for delay.

## BASIS FOR THE MOTION

The reason for this Motion is the bone fide attempt of the above named Appellants to make a proper and timely application to the Supreme Court of the United States for a Writ of Certiorari based upon the reasonable probability of success on the merits. Furthermore, the Appellants will be substantially harmed by the disclosure of documents in the possession of a third party, should a limited stay of ninety days not issue, thereby permitting the Appellants to prepare and file a Writ of Certiorari.

The Petition for Writ of Certiorari will be substantially based on the following grounds:

A. **The Supreme Court Should Grant The Petition For Writ Of Certiorari Because The Decision Of The United States Court Of Appeals For The Third Circuit Conflicts With Decisions Of The Other Circuits With Respect To The Application Of The *Perlman* Doctrine[1]**

It is established that, under normal circumstances, a party seeking to quash a Subpoena cannot appeal a Court Order to comply without first resisting that Order and subjecting itself to a citation for contempt. United States v. Ryan, 402 U.S. 530 (1971). An exception to this rule requiring a contempt citation, prior to appeal, exists when subpoenaed documents are in the hands of a third party. In that case, the owner of the documents may seek immediate appeal of a District Court's Order requiring production of those documents. This exception, known as the "*Perlman* Doctrine," exists because it is unlikely that a third party will risk contempt simply to create and appealable issue for the benefit of the owner of the documents. Perlman v. United States, 247 U.S. 7 (1918). In other words, the District Court's Order is effectively final with respect to a party that is powerless to prevent compliance with the Order.

In this matter, the Plaintiff, Mary L. White ("White"), served Non-Party Subpoenas pursuant to Fed.R.Civ.P. 45 upon Associates in Counseling and Child Guidance, a mental health clinic serving the needs of children in Mercer County, Pennsylvania (hereinafter "the Clinic"), Richard J. Gold, Esquire ("Attorney Gold")[2], and McGill, Power, Bell & Associates, LLP, and Black, Bashor & Porsch, LLP (collectively referred to as "Accounting Firms")[3]. These Subpoenas sought privileged and confidential Clinic

---

[1] U.S. Sup. Ct. Rule 10(a).
[2] Attorney Gold has acted as an attorney for the Clinic in licensing matters and has provided legal advice to the Clinic and Shayen George.
[3] The Accounting Firms have provided accounting services for the Clinic. In addition, the Accounting Firms have also been retained by counsel for the Clinic to provide expert witness testimony in the Court of Common Pleas of Mercer County, Pennsylvania.

2

internal corporate and financial documents, including patient records protected by the Health Insurance Portability and Accountability Act of 1996. In fact, the Subpoenas request <u>all financial and corporate information</u> relating to the Clinic without any limitation as to time, scope or content. Significantly, the Clinic is not a party to this litigation.[4]

Thus, in the instant case, documents were requested from an accountant and a law firm and the Clinic as owner of the documents, sought immediate appeal of the District Court's Order requiring production of the documents. Based on these facts, the *Perlman* Doctrine applied and immediate appeal should have been granted, however, this Honorable Court refused to exercise jurisdiction over the District Court Order.

The refusal to grant immediate appeal is in conflict with decisions of the other Circuits. The other circuits have applied the *Perlman* Doctrine consistently in order to provide an immediate appeal when documents are sought from a third party. For Example, see, <u>In Re Grand Jury Proceedings in Matter of Fine</u>, 641 F.2d 199 (5th Cir. 1981) (the Fifth Circuit allowed the client to intervene in a proceeding and directly appeal an Order compelling his attorney to testify before a grand jury); <u>In Re Sealed Case</u>, 146 F.3d 881, 883 (D.C. Cir. 1998) (holding that "the *Perlman* Doctrine applies because the [Custodian] swore . . . an intention to produce the documents rather than submit to a contempt citation.") <u>See also</u>, <u>In Re Sealed Case</u>, 141 F.3d 337, 340 (D.C.

---

[4]The relevant procedural history is as follows: In order to protect its interests, the Clinic filed a Motion to Intervene for the limited purpose of presenting a Motion for an Order Quashing the Non-Party Subpoenas and a Motion for Protective Order to suppress the request for documents set forth in the aforementioned Subpoenas based on confidentiality and privilege. (Motion to Intervene, Docket No. 32). Magistrate Judge Mitchell granted the Motion to Intervene for the limited purpose of presenting a Motion to Quash Non-Party Subpoenas and Protective Order. (Docket No. 36). Judge Mitchell denied the Motion for Order Quashing Non-Party Subpoenas and Motion for Protective Order. The decision was appealed to the Honorable Donald E. Ziegler for review pursuant to Fed.R.Civ.P. 72.6. Judge Ziegler denied the Notice of Appeal by Court Order dated August 5, 2002. The Clinic then filed a timely Notice of Appeal to the Discovery Order which is addressed to a third-party on October 27, 2002. This Honorable Court relinquished jurisdiction by Order dated October 11, 2005. A timely Petition for Rehearing was denied on November 9, 2005. A copy of the decisions of this Court are attached as an Appendix.

3

Cir. 1998) (holding that Perlman "reflected concern that where the subject of the Discovery Order and the holder of are privileged or different, the Custodian might yield up the documents, rather than face the hazards of contempt, and would thereby destroy the privilege.")

Furthermore, four (4) other circuits have followed Perlman and held that jurisdiction existed over appeals by non-subpoenaed parties when the witnesses decline to stand in contempt. In Re Grand Jury Subpoenas dated December 7 and 8, 40 F.3d 1096, 1099 (10th Cir. 1994) (asserting jurisdiction over a third party's appeal when a witness would not take contempt); In Re Grand Jury Subpoenas dated December 10, 1987, 926 F.2d 847, 853 (9th Cir. 1991) (holding that Perlman applied to an intervenor's appeal because the witnesses complied with the Subpoena). Gill v. Gulfstream Park Racing, 399 F.3d 391 (1st Cir. 2005). (District Court's Order to unseal documents of interested party was immediately appeallable). Velsicol v. Parsons, 561 F.2d 671 (7th Cir. 1977). (Corporation had standing to intervene and immediately appeal order directing an attorney to turn over corporate records). The reasoning of all seven (7) circuits comports with the principle of Perlman that an Order is final as to an interested party that has no other recourse in the District Court.

However, contrary to this long-standing exception in Perlman, here, the Third Circuit has departed from the other circuits. It stands alone in its rejection of Perlman in the above-referenced case. As a result of this finding, both the accountants and the lawyer would have to stand in contempt in order for the third party here, the Clinic, to obtain an appeal. Indeed, even the Clinic would have to stand in contempt which would be an unnecessary procedural step.

B. **The Supreme Court Should Grant The Petition For Writ Of Certiorari Because The Court Of Appeals' Decision Is Contrary To Supreme Court Precedent[5]**

The decision of the Court of Appeals is directly contrary to Perlman and its progeny. The Court of Appeals erroneously held that the District Court Order of Judge Ziegler was not "final" under the *Perlman* Doctrine, thus depriving the Clinic of appellate review. Similar to Perlman, the Clinic was "powerless to avert the mischief" of document disclosure, 247 U.S. at 13, and Certiorari should thus be granted. Perlman v. United States, 247 U.S. 7 (1918) (a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance); *also see* Church of Scientology v. United States, 506 U.S. 9 (1992). The Supreme Court since its decision in Perlman has identified two reasons for allowing interlocutory appeals when a subpoena is addressed to a third party. First, courts have stated that interlocutory appeals are appropriate in these circumstances because a later appeal is impossible; a court order that forces someone to testify or produce evidence is "effectively final" with respect to another nonparty (the intervenor claiming privilege) who is otherwise powerless to prevent compliance with the order. See, e.g., Cobbledick v. United States, 309 U.S. 323, 328-29 (1940) (stating that efficiency concerns must not outweigh the ability to appeal a final order).

The District Court Order is final and appealable because there was no further action for the District Court to take. The Honorable Supreme Court has long-recognized that situations where an interested party lacks the ability to take contempt and appeal a

---

[5] U.S. Sup. Ct. Rule 10(c).

Discovery Order. Under those circumstances, the Order is final and appealable as to that party because there are no further decisions for the District Court to render; in essence, there is "nothing for the Court to do, but execute the Judgment." Cunningham v. Hamilton County, 119 S.Ct. 1915, 1920 (1999) (citations omitted). The Court recognized this rule of finality in Perlman. There, the Court reviewed an Order to produce to the Grand Jury Perlman's documents which were in the possession of the District Court after a related civil trial. Perlman asserted that producing the documents would violate its Fourth and Fifth Amendment rights. Perlman, 247 U.S. at 13. The government argued that "the order of the district court if considered as part of the criminal proceeding is not final, but merely interlocutory, and therefore not reviewable by this Court." Perlman, 247 U.S. at 12.

Rejecting this argument, the Supreme Court stated as follows:

> The . . . contention of the government is somewhat strange, that is, that the Order granted upon its solicitation was not final as to Perlman but interlocutory in a proceeding not yet brought and depending upon it to be brought. In other words, that Perlman was powerless to avert the mischief of the Order but must accept its incidence and seek a remedy at some other time and in some other way. We are unable to concur.

Perlman, 247 U.S. at 13.

This is precisely the Clinic's situation. The District Court ordered that it would produce the Clinic's documents that it held without even having an in-camera review or permitting the filing of Appendices or Briefs. In accordance with Supreme Court precedent, the Third Circuit should have permitted an immediate appeal. Perlman, 247 U.S. 7 (1918); Church of Scientology v. United States, 506 U.S. 9 (1992); Cobbledick v. United States, 309 U.S. 323, 328-329 (1940).

6

**C. The Supreme Court Should Grant The Petition For Writ Of Certiorari Because The Ability Of A Third Party To Immediately Appeal A Discovery Order Without Being Held In Contempt Is An Important Question Of Federal Law Which Has Not, But Should Be Settled By The Supreme Court[6]**

This appeal involves a question of exceptional importance and a critical matter of public policy. It will be requested that the Supreme Court address the need for universal and consistent application of the *Perlman* Doctrine, thereby permitting the right to immediate appellate review of discovery orders addressed to non-parties without the prerequisite for a contempt finding in the District Court.

The dynamic that necessitates a third party discovery order to be immediately appealable is a third party's unwillingness to be held in contempt. This is precisely the issue before this Court. This is a unique situation wherein the Subpoenas were directed to an attorney and an accounting firm seeking documents related to another third party, a mental health clinic ("Clinic"). It cannot be reasonably expected that Attorney Gold or the Accounting Firms would be willing to risk contempt by refusing compliance. Yet, this requirement for a disinterested third party to be held in contempt is a prerequisite to review of the third party subpoena. It was thought that this contradiction in the law was remedied by the Supreme Court in <u>Perlman</u> by enabling an immediate appeal in the limited circumstance where the subpoena is directed to a disinterested third party, such as an accounting firm. Yet, in the case at bar, this Honorable Third Circuit has denied jurisdiction over this type of discovery order, because it is not "final."

A requirement of strict uniformity in application will prevent inconsistent decisions in the circuits similar to the Third Circuit decision here. Moreover, the ability to

---

[6]U.S. Sup. Ct. Rule 10(c).

immediately appeal a third party discovery order does not offend the principle of judicial economy. The Fifth Circuit addressed the issue of judicial economy in In Re Grand Jury Proceedings in Matter of Fine, 641 F.2d 199, 203 (5th Cir. 1981),[7] holding that "the price of protecting the right of appeal of client-intervenors is an occasional frivolous appeal for the sake of delay," but indicated that such a price was not so burdensome that it would forego protecting third party's access to meaningful appeal. Id. Hence, a mandate that subpoenas directed to third parties are subject to the *Perlman* Doctrine and thus an immediate appeal is limited in scope, and will not stifle judicial resources. To the contrary, the adoption of a uniform procedure to address all third party subpoenas in accordance with the *Perlman* Doctrine eliminates confusion and will prevent unwarranted immediate appeals.

In summary, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." Church of Scientology v. United States, 506 U.S. 9, 18 n. 11 (1992) (citing Perlman v. United States, 247 U.S. 7, 13, 38 S.Ct. 417, 419 (1918)).[8] The document custodians in this

---

[7] The Fifth Circuit noted that the *Perlman* Doctrine turned on whether the subpoenaed party could be expected to risk a contempt citation in order to protect the interests of a third party. See id. at 202. The Fifth Circuit noted "[w]e are reluctant to pin the appealability of a district court order upon such precarious considerations" as the willingness (or lack thereof) of a *particular* attorney to risk contempt to protect his client. See id.

[8] Also, see. United States v. AT&T, 642 F.2d 1285, 1296 (D.C.Cir.1980) (holding that an appeal should be permitted because the nonparty appellant "was not the object of the document demand and could therefore not possibly refuse disclosure and undergo a contempt citation as a means to appeal"). See In Re Sealed Case, 146 F.3d 881, 883 (D.C.Cir.1998) (holding that "[t]he *Perlman* Doctrine applies here because the [custodian] swore . . . an intention to produce the documents rather than submit to a contempt citation"). See also In Re Sealed Case, 141 F.3d 337, 340 (D.C.Cir.1998) (noting that *Perlman* "reflected concern that where the subject of the discovery order (characteristically the custodian of the documents) and the holder of a privilege are different, the custodian might yield up the documents rather than face the hazards of contempt, and would thereby destroy the privilege"); In Re Grand Jury Investigation of Ocean Transp., 604 F.2d 672, 673 (D.C.Cir.1979); 15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3914.23, at 156 (2d ed.1992) (noting that the *Perlman*

case, the Accounting Firms and Attorney Gold are disinterested third parties, and there is no rationale basis for these non-parties to withstand contempt to protect the documents of another third party, here the Clinic. To prevent indiscriminate application of the *Perlman* Doctrine, it will be requested that the Supreme Court address this and permit immediate appeal with respect to third party subpoenas.

Moreover, the request for a stay would encompass the Subpoenas issued to the Clinic, because the Clinic is a third party to this case. The necessity for the Clinic to stand in contempt to obtain appellate review is similarly unwarranted. This issue of permitting immediate appeal of a third party subpoena will also be addressed in the Writ for Certiorari.

The Court's refusal to grant the stay will result in irreparable harm to the Clinic and render the appeal to the United States Supreme Court moot for all practical purposes. The disclosure at this stage would prejudice the Clinic by mooting the matters to be brought before the Supreme Court. Furthermore, the documents sought include information permitted by the Health Insurance Protectability and Accountability Act of 1996, because the Clinic treats children with psychological disorders, and the document request is so broad it would reveal this information.

Finally, the granting of a stay pending certiorari will not prejudice the parties, but result in a full and fair assessment of issues before the Supreme Court.

---

Doctrine "allows appeal by a person who cannot control the decision whether to act in contempt").

## CONCLUSION

Based on the foregoing, the Appellants hereby request for stay of mandate pending Application to the United States Supreme Court for Writ of Certiorari.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

DATED: 11-15-05

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE
PA. I.D. NO. 74906

COUNSEL FOR APPELLANTS,
ASSOCIATES IN COUNSELING AND
CHILD GUIDANCE, INC. AND SHAYEN
A. GEORGE, M.A.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

January 7, 2005
D-27

No. 02-3425

MARY L. WHITE

v.

SHAYEN A. GEORGE, M.A., et al.
Associates in Counseling and Child Guidance, Inc., Appellant
(W.D.(Pittsburgh) of PA. Civil No. 00-cv-02466)

Present: SCIRICA, Chief Judge, BARRY and SMITH, Circuit Judges.

1. Clerk's submission for possible dismissal due to a jurisdictional defect.

2. Response by Appellee in Support of Clerk's Jurisdictional Defect Letter.

3. Response by Appellant in Opposition to Clerk's Jurisdictional Defect Letter.

4. Status report received from Appellant advising the Court of the current status of District Court proceedings.

5. Status report received from Appellee advising the Court of the current status of District Court proceedings.

6. Response by Appellee to Appellant's Status Report.

/s/ LaToya Corprew
LaToya Corprew
Case Manager     267-299-4915

_____ O R D E R _____

The Court may have jurisdiction to consider the appeal to the extent that it challenges the subpoenas addressed to the Accounting Firms and to the Attorney, Mr. Gold (the Professionals). In re: Flat Glass Antitrust Litigation, 288 F.3d 83, 88-89 and 90 n.9 (3rd Cir. 2002). However, the record before this Court fails to present any well developed arguments as to why, and the extent to which, the materials requested constitute trade secrets. It is not sufficient that the materials requested are "confidential" or "sensitive." Bacher v. Allstate Ins. Co., 211 F.3d 52 (3rd Cir. 2000).

Even if jurisdiction does exist, given that the discovery requests are subject to an "attorney's eyes only" protective order insofar as proprietary information is requested, it is unclear what immediate harm Associates in Child Counseling and Guidance (ACCG) would suffer as a result of compliance. Aside

from this potential lack of harm, the Court has other concerns, based upon the record currently before the Court, about the justiciability of the appeal at this time. These include, <u>inter alia</u>, whether the subpoena addressed to ACCG overlaps the subpoenas addressed to its Professionals in regard materials which ACCG claims constitute trade secrets and what effect that the evidence which the Professionals either have given, or may be expected to give, both in the state and federal proceedings might have on the issues presented in this appeal.

For the foregoing reasons, the appeal is dismissed.

By the Court,

/s/ Anthony J. Scirica
Chief Judge

Dated: October 11, 2005

lwc/cc:   John P. Corcoran, Esq.
          Stanley M. Stein, Esq.

A True Copy

Marcia M. Waldron, Clerk

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

COPY

No. 02-3425

NOV 14 2005

MARY L. WHITE

v.

SHAYEN A. GEORGE, M.A.;
ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC.

Associates In Counseling and Child Guidance, Inc.,
Appellant

(D.C. Civ. No. 00-cv-02466)

SUR PETITION FOR REHEARING

Present: SCIRICA, Chief Judge,
SLOVITER, ALITO, ROTH, McKEE, RENDELL, BARRY,
AMBRO, FUENTES, SMITH, FISHER and VAN ANTWERPEN, Circuit Judges

The petition for rehearing filed by appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit

judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by the panel and the Court en banc, is denied.

BY THE COURT,

/s/ Anthony J. Scirica
Chief Judge

Dated: November 9, 2005

lwc/cc: John P. Corcoran, Esq.
Stanley M. Stein, Esq.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am this day serving true and correct copies of the foregoing **APPELLANTS' MOTION TO STAY ISSUANCE OF MANDATE PENDING APPLICATION TO THE UNITED STATES SUPREME COURT FOR WRIT OF CERTIORARI PURSUANT TO 28 U.S.C. §2101(f) and F.R.A.P. 41(d)(2)** upon the persons and in the manner indicated below which service satisfies the requirements of Pa.R.A.P. 121.

### Service by First Class United States Mail addressed as follows:

Stanley M. Stein, Esquire
Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies
Pittsburgh, PA 15219

Steven Petrikis, Esquire
Metz Schermer & Lewis, LLC
11 Stanwix Street
Pittsburgh, PA 15222

JONES, GREGG, CREEHAN & GERACE, LLP

DATED: 11-15-05

BY: _____
JOHN P. CORCORAN, JR., ESQUIRE
COUNSEL FOR APPELLANTS,
ASSOCIATES IN COUNSELING AND
CHILD GUIDANCE, INC. AND SHAYEN
A. GEORGE, M.A.